THE CHICAGO CITY RAILWAY COMPANY

*v.*

GEORGE M. SHAW.

*Opinion filed February 21, 1906—Rehearing denied April 12, 1906.*

1. TRIAL—*remarks of counsel do not show theory upon which case was tried.* If the pleadings, evidence and instructions in an action against a street railroad show that the negligence of both motorman and conductor was relied upon, a statement by plaintiff's counsel, in arguing the case, that the motorman was not to blame does not show that the case was tried upon the theory that the conductor alone was negligent.

2. SAME—*improper remarks of trial judge will not necessarily reverse.* Improper remarks by the trial court which reflect upon counsel are not necessarily ground for a reversal, where the improper conduct of such counsel in persistently questioning and attempting to evade the rulings of the court called forth the remarks from the court in its attempt to preserve order and enforce obedience to its rulings.

3. INSTRUCTIONS—*harmless inaccuracy in instructions will not reverse.* An instruction as to the credibility of witnesses which is inaccurate in requiring the intentional or deliberate false testimony of a witness to be "palpable" before it can be disregarded is not ground for reversal if another instruction correctly states the rule.

4. SAME—*when instruction as to duty of carrier to passenger is proper.* An instruction stating that "while a carrier is not an insurer of the absolute safety of the passenger, it does, in legal contemplation, undertake to exercise the highest degree of care consistent with the practical operation of its road to secure the safety of its passenger, and is responsible for the slightest negligence resulting in injury to the passenger," provided the latter exercises ordinary care, is not improper in using the words "slightest negligence." (*Chicago and Alton Railroad Co.* v. *Byrum,* 153 Ill. 131, followed.)

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. ELBRIDGE HANECY, Judge, presiding.

This is an appeal from a judgment of the Appellate Court affirming a judgment in favor of appellee for damages for personal injuries he is alleged to have sustained by reason of the negligence of appellant.

The evidence discloses that appellee was a passenger upon an electric car belonging to appellant, going in a westerly direction on Thirty-first street, in the city of Chicago. Stewart avenue runs north and south and crosses Thirty-first street, and just west of Stewart avenue and adjacent to it there is a system of eight railroad tracks running north and south across Thirty-first street. At the crossing of the tracks on Thirty-first street there are gates, operated in the day time by the Pennsylvania Railroad Company. There was also at that crossing a flagman employed by said company, whose duty it was to warn travelers of the approach of trains. When the car in question reached the railroad crossing the car stopped at Stewart avenue and the conductor ran ahead to ascertain if any trains were in sight, and about the time he got to the middle of the tracks, it appearing to him that there was no danger, he gave the signal to the motorman to come ahead. It was about six o'clock in the evening of December 4, 1899, and was dark and stormy. The car proceeded to cross the system of tracks, and after starting across the tracks the flagman employed by the railroad company began to wave his flag and shouted to the motorman to stop. The motorman proceeded until over half way across the system of tracks, when, the flagman still hallooing and waving his flag at him, he stopped his car, and just as his car was stopped a Wabash train running on the Chicago and Western Indiana tracks struck the rear end of the car, causing injuries to appellee for which he seeks to recover the damages.

WILLIAM J. HYNES, and SAMUEL S. PAGE, (NATHANIEL C. SEARS, and MASON B. STARRING, of counsel,) for appellant.

MASON & WYMAN, for appellee.

Mr. JUSTICE RICKS delivered the opinion of the court:

It is first contended that under the circumstances the conductor was not negligent in giving the signal to cross. It was solely a question of fact for the jury to determine whether or not the appellant's employees were negligent as charged in the declaration, under proper instructions from the court, and having so found that they were negligent, and the judgment of the Appellate Court having affirmed the finding of the jury and the judgment entered by the trial court, we are not at liberty to disturb their finding, as all controverted questions of fact in such cases are settled by the finding and judgment of the Appellate Court.

It is further contended by appellant that in his closing argument counsel for appellee stated to the jury that the motorman was not to blame and was not negligent in proceeding with the car, and that therefore the theory of the plaintiff was that the conductor was the only person in the employ of appellant that was negligent, and therefore the theory on which appellee's case was tried was not in accord with the allegations of his declaration, and therefore he could not recover. But the pleadings, evidence and instructions given by the court do not bear out this theory. The remarks of counsel in his closing argument to the jury would not control the theory upon which a case is tried, when the pleadings, evidence and instructions showed that both parties proceeded upon the theory that the issue was the negligence of both the conductor and motorman.

It is next insisted that the conductor's act was not the proximate cause of the injury but that the flagman's signal to stop was the proximate cause, and therefore appellee could not recover. But if the fault of the conductor in signaling to the motorman to come on when he saw and knew a train was approaching was such negligence as contributed to the

injury or caused it in part, as the jury must have found it was under the instructions, appellant would be liable anyway. But as it was a question of fact as to whether the acts contributed to the negligence which caused the injury, the judgment of the Appellate Court is final.

The next error relied upon is the giving of the eighth instruction asked on behalf of appellee. The instruction reads as follows:

"It is the duty of the jury, in passing upon the credibility of the testimony of the several witnesses, to reconcile all the different parts of the testimony, if possible. It is only in cases where it is palpable that a witness has deliberately and intentionally testified falsely as to some material matter, and is not corroborated by other credible evidence, that a jury is warranted in disregarding his entire testimony. Although a witness may be mistaken as to some part of his evidence, it does not follow, as a matter of law, that he has willfully told an untruth or that the jury would have the right to reject his entire testimony. It is the duty of the jury to consider carefully all the testimony in the case bearing upon the issues of fact submitted to them, and, if possible, to reconcile any and all apparently conflicting statements of the witnesses."

The particular complaint made of this instruction is the use of the word "palpable," contained in the second sentence of the instruction. A similar instruction was before this court containing the word here complained of, in the case of *North Chicago Street Railroad Co.* v. *Fitzgibbons,* 180 Ill. 466. On page 468 of the opinion it is discussed and held to be an inaccurate expression of the law. In that case the court took the view that the inaccuracy was not of such a character as would mislead the jury or require a reversal of the case. In the case at bar, at the request of appellant this instruction was given:

"The court instructs the jury that it is a principle of law that if you believe, from the evidence, that any witness has

willfully or knowingly sworn falsely to any material element of the case, or that any witness has willfully and knowingly exaggerated any fact or circumstance material to the issues in the case, for the purpose of deceiving, misleading or imposing upon the jury, either as to the origin of plaintiff's alleged ailments, so far as, from all the evidence, you believe they exist, or as to the nature and extent of the alleged injury or as to the manner of the alleged accident in question, then the jury have a right to reject the entire testimony of such witness, except in so far as corroborated by other evidence which you believe or by facts and circumstances appearing in the case."

If any doubt may have arisen from the use of the word complained of in the instruction given in behalf of appellee, the instruction given by appellant was of such a character as to make it clear to the jury under what circumstances they might disregard the testimony of a witness. Instructions are to be regarded as a series, and there was no such conflict between the two instructions that this court would be authorized to say that it was likely that the jury were misled or that they did not know which of two rules to follow. We do not regard the instruction as one that should be given, as it is desirable to avoid inaccuracies of expression of legal propositions; but absolute accuracy is a thing seldom to be attained, and courts are not for the want of it, alone, to set aside verdicts, but are only justified in doing so in cases where the inaccuracy is of such a character that the court must feel that it is likely that the jury were misled thereby.

The next contention is, that the court erred in making improper and unnecessary remarks throughout the entire trial, which were prejudicial to the appellant. After a careful examination of the record upon these questions, we think that while the court unnecessarily made remarks that were not entirely proper, yet to a great extent, if not altogether, the remarks were caused by the persistency of counsel for appellant in trying to get evidence before the jury which was

highly improper and which had been refused by the court, and by commenting upon rejected evidence in his argument to the jury. The record shows that when evidence was offered by counsel for appellant and objection made thereto, or when objection was made by him to evidence offered by appellee and the court ruled adversely to the contention of appellant, counsel for appellant would enter into a controversy with the court as to the propriety of his ruling, and in many instances in matters that were clearly improper he would evade the ruling made by the court by dividing the subject matter of the objectionable evidence into various parts and offer them separately; also that counsel for appellant, in his argument to the jury, undertook to discuss evidence that had been excluded by the court, among which was the verdict of the coroner's jury as to the cause of the death of the motorman, who was killed in the same accident, and attempted to argue to the jury that that verdict would show where the blame lay, and to this the court sustained an objection. This course of appellant's counsel seems to have exasperated the court and to have called forth remarks that might be regarded as strictures upon counsel. It is the duty of the court to avoid making remarks that may in any degree reflect upon counsel, but it is not always reversible error if the remarks are justified by the conduct of counsel against whom they are directed. It is the duty of counsel to submit to the rulings of the court, and if he persists in a course that is clearly in violation of his duty, the court must be allowed some discretion in preserving order and commanding respect to his rulings. From a careful examination of this record, while we do not wholly justify the court, we are satisfied that there was much provocation, and that the remarks were not of such a character as showed, in any degree, the views of the court as to the merits of the case or tended to show any views in favor of either party to the cause, and would not be so understood by the jury, and we think the verdict should not for that reason be set aside.

It is next insisted that the court erred in the exclusion of proper evidence offered by appellant. The witness Page, on direct examination, was asked, "That headlight,—was that a regulation or another kind?" An objection was sustained to the question. The witness volunteered by saying, "I know what kind of a headlight it was," and was asked what kind it was, and answered it was a smaller size than the regulation headlight. Appellee objected to the question and answer, and they were stricken. The first question to which the objection was sustained was leading; the other was predicated upon the information volunteered by the witness. The witness, however, in his testimony showed that he did not see the headlight or the engine; that he was a brakeman and the train was a passenger one; that he came through the depot, entered the rear coach of the train and occupied the same until the train reached Archer avenue, when he got on the front end of the rear coach and occupied that position until the accident, and after the accident ran back of the train to flag other trains. There is no evidence in the record at all that he saw the engine or the headlight. We think there was not such error in the ruling of the court as to this evidence as would justify a reversal on that ground.

It is complained that the trial court erred in excluding evidence showing that the train was running at a high rate of speed,—higher than the ordinary,—and also in excluding the city ordinance regulating the speed of trains at that place. Appellant urges that this evidence was material, in that the conductor of the electric car had the right to assume that the Wabash train was running within the requirements of the law, and to base his judgment as to the time he would have to pass, upon that fact. Evidence was admitted showing the speed of the train and ranged from fifteen to thirty miles an hour. The ordinance was not material. The conductor of the electric car did not state that he judged according to the usual rate of trains on those tracks, or anything to that

effect. The testimony was that he saw the train when two blocks away and gave a signal to his motorman to bring the car across, and that he did not realize there was any danger until the train was within one hundred feet of the crossing. He fixes the location of the train at each of the periods he observed it, and does not say that his judgment was in any way affected by its apparent speed or any speed that he previously had knowledge of. To allow appellant's contention in this regard would be to assume that which the conductor did not claim.

It is next insisted that the court erred in giving the sixth instruction tendered by appellee. That part of the instruction objected to is as follows: "While the carrier is not an insurer for the absolute safety of the passenger, he does, however, in legal contemplation, undertake to exercise the highest degree of care consistent with the practical operation of its road to secure the safety of the passenger, and is responsible for the slightest negligence resulting in injury to the passenger, provided the passenger is at the time of the injury exercising ordinary care and caution for his own safety." The words in the instruction that are complained of are "slightest negligence." Practically the same instruction, with the same words complained of, was before this court in the case of *Chicago and Alton Railroad Co.* v. *Byrum,* 153 Ill. 131, and cases cited on page 135, and the giving of the same was approved. We do not feel at liberty to overrule what was said in that case, and are of the opinion that the instruction stated the law correctly.

After a careful review of all the points raised we think that there is no error in the record that would warrant a reversal of the case. The judgment of the Appellate Court is therefore affirmed.

*Judgment affirmed.*