JAMES HAGEN, Appellee, *vs.* CHARLES A. SCHLEUTER, Appellant.

*Opinion filed October 26, 1908—Rehearing denied Dec. 3, 1908.*

1. PLEADING—*when original and amended counts state the same case.* An original declaration charging that the defendant's negligence consisted in the construction of an unsafe foundation. for a brick wall and in permitting it to remain in such unsafe condition, states the same cause of action as an amended count and an amended declaration charging the same unsafe condition but setting forth the particulars in which the foundation was unsafe.

2. NEGLIGENCE—*when the rule respecting relation of owner of premises and contractor does not apply.* The rule respecting the relation between the owner of premises and a contractor where an injury results from defective work of the contractor has no application to a case where the owner of the premises has constructed a stone foundation for a brick wall, and which, owing to its defective condition, causes the brick wall to fall and injure the person building it.

3. SAME—*when owner of premises is liable for injury to contractor.* An owner of premises who constructs a stone foundation for a brick wall owes to the person whom he employs to build the brick wall the duty of making such foundation safe and sufficient to support the wall, and he is liable for an injury to such person caused by the failing of the brick wall, due to the foundation being unsafe.

4. EVIDENCE—*when refusal to instruct jury to disregard evidence is prejudicial error.* Where the only allegation of negligence with respect to the defendant's construction of a foundation wall is that unfit materials were used, evidence of experts that the manner in which the wall was built was improper and unsafe is not admissible, and, even though admitted without objection, it is error for the court to refuse to instruct the jury to disregard it.

5. INSTRUCTIONS—*when plaintiff's instructions need not embody the element of assumed risk.* Where a declaration alleges that the plaintiff did not know and did not have an opportunity of knowing of the inferior material used by the defendant in building a wall, the falling of which caused the plaintiff's injury, and there is evidence tending to support such allegation, it is not necessary that plaintiff's instructions embody the element of assumed risk. (*Terra Cotta Lumber Co.* v. *Hanley,* 214 Ill. 243, distinguished.)

VICKERS, J., dissenting.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Madison county; the Hon. R. D. W. HOLDER, Judge, presiding.

Appellee is a brick-mason, and at the time of his injury, as hereinafter mentioned, together with his partner, Edward Dawes, was engaged in taking contracts for the construction of brick work. In December, 1903, appellee and his partner were employed, under a written contract, by appellant, to lay the brick in the walls of a building then being constructed by appellant. The foundation wall on which the brick walls were to rest had already been constructed by or under the supervision of appellant. Said foundation wall was built of stone, was nine feet high and eighteen inches thick. By the terms of the agreement between the parties, appellee and his partner were to lay the brick in the walls, from the stone foundation up, for $5.50 per thousand, appellant furnishing the brick and all other material for doing the work. The work was to be done under the supervision of the architect, who was made superintendent of the building. On the first day of March, 1904, the front wall of the building was about completed, and while appellee was engaged in laying the last course of brick the wall fell to the ground, carrying appellee with it and seriously injuring him. This suit was brought by him in the circuit court of Madison county against appellant to recover damages for said injuries.

The original declaration was filed February 22, 1905. An amended declaration was filed September 30, 1905. An additional count was filed January 6, 1906, and another amended declaration was filed August 24, 1906. To this last declaration appellant filed pleas of not guilty and the Statute of Limitations. The court sustained a demurrer to the latter plea, and the cause was heard upon the declaration and plea of not guilty. The jury returned a verdict

in favor of appellee for $2000, upon which the court, after overruling a motion for a new trial, rendered judgment. That judgment has been affirmed by the Appellate Court for the Fourth District, and the case is brought here by further appeal.

ALEX. W. HOPE, and B. H. CANBY, for appellant.

JOHN J. BRENHOLT, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

Although all controverted questions of fact were settled by the judgment of the Appellate Court, a considerable portion of an elaborate brief and argument of appellant is devoted to a discussion of the facts. It was appellant's contention on the trial that the injury to appellee resulted from the giving way of the brick wall he had built, and not from the giving way of the stone foundation wall, as alleged in the declaration. The jury found against appellant upon this question, and the judgment rendered by the court on that verdict having been affirmed by the Appellate Court, that question is not subject to our review.

The questions of law preserved for our review are: Does the declaration state a cause of action; does the amended declaration state a new cause of action; did the court err in the admission of incompetent evidence under the averments of the declaration, and did the court err in giving instructions at the request of appellee.

The original and first amended declarations averred that appellant was the owner of certain land upon which there was erected, under his supervision and control, a foundation stone wall, upon which it was proposed to erect a brick building; that it was appellant's duty to have so built the foundation stone wall as to make it safe and sufficient to support the brick building to be erected thereon, but that, not regarding his duty, appellant wrongfully, negligently

and knowingly suffered said stone wall to remain in a bad and unsafe condition, etc., by reason whereof the brick wall fell and injured appellee. The amended declaration is more elaborate in its averments than the original and contains averments as to the relations of the parties omitted from the original declaration, and makes the contract of employment of appellee and his partner a part of the declaration. There is no substantial difference, however, as to the negligence charged and relied upon. The additional count charges that appellant knowingly built, and permitted to be built, the foundation wall of burnt rock, old mortar and other unsafe materials wholly unfit for use, and, knowing it to be an unsafe foundation for the brick walls, suffered and permitted appellee to remain in ignorance of such defective and unsafe condition, and that by reason of the unsafe condition of the stone wall it gave way and caused a portion of the brick wall erected thereon to fall, thereby injuring appellee. The last amended declaration charges appellant with negligence in the construction of the foundation wall of inferior rock and mortar that had been burnt and made wholly unfit for use; that appellant knew, or might by the exercise of reasonable care have known, that the foundation wall, constructed, as it was, of inferior material, would not support the brick walls to be placed upon it, and without warning to appellee induced him and his partner, who were brick-laying contractors, without knowledge or an opportunity of knowing of the inferior construction and weak condition of the stone wall, to undertake to place upon said unsafe foundation wall the brick walls of the proposed building, and that while appellee was engaged in the work, exercising due care and caution for his own safety, by reason of the weak, rotten and inferior condition of the foundation wall it gave way, throwing appellee to the ground and injuring him.

The negligence charged in the original and first amended declarations was the unsafe construction of the founda-

tion stone wall. It was not specified in what respect the wall was unsafe. In the additional count filed January 6, 1906, and the amended declaration filed August 24, 1906, upon which the trial was had, it was averred that the unsafe condition of the foundation wall was caused by the use of defective, inferior and unfit material in its construction. The negligent act charged in the original and last amended declarations was the construction of an unfit and unsafe foundation wall for the support of the brick walls to be erected thereon. The last amended declaration specifies the particulars in which it is claimed the unsafe and dangerous conditions existed, and was not the statement of a new cause of action, and the court did not err in sustaining the demurrer to the plea of the Statute of Limitations.

At the conclusion of appellee's evidence appellant moved the court to instruct the jury to find him not guilty because the declaration did not state a cause of action. This motion was denied, and appellant again moved the court to instruct the jury to return a verdict of not guilty. These motions were again made at the close of all the evidence and were again denied by the court. Appellant contends that it appears from the declaration that the relations between the parties were those of owner of the premises and contractor, and that appellant owed appellee no duty to furnish him a safe place to work. By the averments of the declaration it was the stone foundation wall that gave way and caused the accident, and not the brick wall appellee was laying or any part of the work that appellee had been engaged to do or had done. The foundation wall had been erected by and under the direction of appellant, and appellee had nothing whatever to do with its construction. Under these conditions the rule, as between the owner of premises and the contractor, relied upon by appellant in cases where an injury results from defective work of the contractor, is not applicable. The declaration, we think, stated a good cause of action, and as there was evidence

tending to prove its allegations the court did not err in refusing to direct a verdict.

On the trial the court permitted witnesses to testify for appellee that the manner in which the foundation wall was built was improper, unsafe and insecure. Three of the witnesses who thus testified were architects, two of them stonemasons and one a brick-mason. They testified that area walls should have been built; that the foundation wall was not bonded and tied together, as it should have been; that the stones in it were set on edge when they should have been laid flat, etc. This testimony does not appear to have been objected to at the time it was given, but appellant asked the court to instruct the jury to disregard it on the ground that negligence in the manner of building the wall was not complained of in the declaration. We think the evidence was incompetent under the averments of the declaration, as the only negligence charged therein was as to the character of the material used in building the wall. It is well settled that a recovery can be had only on the grounds of the negligence charged in the declaration. While this evidence was not objected to at the time it was offered, the court should, when asked so to do by appellant, have instructed the jury to disregard this testimony, and its failure to do so was prejudicial error. *Lake Street Elevated Railroad Co. v. Shaw,* 203 Ill. 39; *Chicago Union Traction Co. v. May,* 221 id. 530.

It is contended by appellant that the court erred in giving the first and third instructions given on motion of the appellee. The first instruction told the jury that if they believed, from a preponderance of the evidence, that defendant was guilty of the negligence charged in the declaration, as therein charged, and that plaintiff was injured in consequence thereof, as charged in the declaration, and that at and immediately prior to the accident he was in the exercise of due care and caution for his own safety, they should find the defendant guilty. The third instruc-

tion told the jury that if they believed, from a preponderance of the evidence, that the plaintiff was injured by and through the negligence of the defendant, as charged in the declaration, without any fault or neglect on the part of the plaintiff, they should find the defendant guilty and assess the plaintiff's damages.

Appellant offered evidence tending to show that the stone foundation wall and the character of the material of which it was constructed were open and visible to the view of everyone, and that there was nothing to prevent anyone about the wall from seeing it and observing the character of the material it was built of. Appellee's evidence tended to show that the view of the foundation wall was obstructed by boards, so that the character of its material was not open to observation. Appellant contends that under the evidence the element of assumed risk was in the case, and that this element was ignored by the court in instructions 1 and 3 above referred to. In support of this contention *Illinois Terra Cotta Lumber Co.* v. *Hanley,* 214 Ill. 243, is relied upon. In that case the element of assumed risk was not negatived by an averment in the declaration that the plaintiff had no knowledge of the unsafe conditions which it was alleged caused the injury, and the evidence as to whether he did know or ought to have known of it was conflicting, that of the defendant fairly tending to show that the risk of being injured by the means alleged in the declaration was assumed by the plaintiff. It was therefore held that two instructions which omitted the element of assumed risk, one authorizing a recovery if the plaintiff had proven his case as laid in his declaration, and the other authorizing a recovery if, while in the exercise of ordinary care, he was injured by or in consequence of the negligence of the defendant as charged in his declaration, were erroneous. The giving of a similar instruction was assigned as error in *Springfield Boiler Co.* v. *Parks,* 222 Ill. 355. The court said (p. 363): "The declaration

in this case differs from the declaration in *Illinois Terra Cotta Lumber Co.* v. *Hanley,* 214 Ill. 243, and kindred cases relied upon by appellant. Here facts were averred in the second count of the declaration [the count upon which the case was submitted to the jury] which, if true, showed the appellee did not assume the risk which caused his injury, while such was not true of the declaration in the *Hanley case.*"

In *Kirk & Co.* v. *Jajko,* 224 Ill. 338, it was urged the trial court erred in omitting from an instruction the element of assumed risk, and the *Hanley case* was relied on in support of the contention. In passing upon the question the court said (p. 343): "The instruction condemned in the case last above cited [the *Hanley case*] was substantially in the form of the one given in this case, and it was held in that case erroneous for the reason that it ignored the question of assumed risk. There is, however, a very clear distinction between that case and the case at bar. In the first and second counts of the declaration in this case plaintiff averred ignorance of the dangers attending the method of unloading the cask and averred that he was acting under the order of the defendant at the time he was injured, while no such averment was found in the declaration in the *Hanley case.*"

The declaration in this case averred that appellee did not know, and did not have an opportunity of knowing, of the inferior material used in the construction and the weak condition of the stone wall. This averment as clearly negatived the assumption of the risk by appellee as did the averments in the *Parks* and *Jajko cases,* and in both of those cases the instruction complained of was held not to be erroneous. The appellee's proof tended to support the averments of his declaration that he was ignorant of the condition of the wall. The fact that this averment was controverted by appellant's evidence did not require appellee to ask to have the jury instructed upon the law of assumed

risk. Upon his theory of the case, under both the aver-
ments of his declaration and the proof, this element was
not in the case. ·A party to a suit is entitled to have in-
structions given presenting his theory of the case, based
upon the pleadings and proof. If the opposite party re-
lies upon a different theory repugnant to that of his ad-
versary, it is for him to ask for instructions presenting his
theory of the case. In *County of Cook* v. *Harms,* 108 Ill.
151, it was said (p. 161): "It is sufficient if it [the in-
struction] rests upon a hypothesis sustained by evidence,
and states, accurately and fully, the law upon that hypoth-
esis. If the evidence also fairly presents hypotheses sus-
taining modifying or repugnant legal propositions, those
desiring to avail of such propositions may. have them pre-
sented in separate instructions." See, also, *American Cen-
tral Ins. Co.* v. *Rothschild,* 82 Ill. 166; *Chicago and Alton
Railroad Co.* v. *Harrington,* 192 id. 9; *Eames* v. *Rend,* 105
id. 506.

At appellant's request the court instructed the jury that
the burden was upon appellee to prove every material fact
necessary to constitute his cause of action, "as asserted by
him and denied by the defendant, by more or a greater
weight of evidence than has been offered by defendant."
By another instruction given at the request of appellant
the jury were told that if the plaintiff knew, or by the ex-
ercise of ordinary care might have known, of the character·
of the materials used in the stone foundation wall before
undertaking to construct the brick work upon it, he assumed
the risk of being injured thereby and could not recover.
Another instruction told the jury that it was the duty of
appellee to exercise ordinary and reasonable care to ascer-
tain the character of the material used in the stone wall,
and if he failed to do so he could not recover.

We do not think the court erred in giving the instruc-
tions complained of, at the request of appellee, but for the

error in refusing appellant's instruction, as above suggested, the judgments of the Appellate and circuit courts are reversed and the cause remanded.

*Reversed and remanded.*

Mr. JUSTICE VICKERS, dissenting.