250

Eugene Kavanaugh, Minor, by Maurice Kavanaugh, His Father and Next Friend, Appellee, v. Jeanne Washburn, Formerly Jeanne Parret, Appellant.

Gen. No. 9,873.

Opinion filed August 31, 1943. Rehearing denied October 5, 1943.

SEARS, O'BRIEN & STREIT, of Aurora, and BARR & BARR, of Joliet, for appellant; BARNABAS F. SEARS, of Aurora, and RALPH C. MURPHY, of Joliet, of counsel.

RAY F. FAULKNER and ROBERT E. HIGGINS, both of Joliet, for appellee; RAY F. FAULKNER, of Joliet, of counsel.

MR. PRESIDING JUSTICE HUFFMAN delivered the opinion of the court.

This case grows out of a collision between an automobile driven by appellant and a bicycle ridden by appellee. It was before this court upon a previous appeal (310 Ill. App. 429), and subsequently before the Supreme Court (379 Ill. 273).

The accident happened on the afternoon of August 2, 1937. Appellee and a companion were riding south on State Highway 59, on their bicycles. It was a usual two-lane, concrete highway with the lanes of travel separated by a black line down the middle of the pavement. The road ran north and south. The boys were riding along the west side of the pavement, in the traffic lane for southbound travel. Appellant was approaching from the north. The road was straight and level. It appears appellant sounded the horn of her car a considerable distance back of the boys, whereupon appellee's companion turned his bicycle off the pavement and upon the shoulder of the road along the west side of the highway. Appellee continued traveling south upon the pavement and in the traffic lane provided for southbound travel. Appellant continued driving her car south until she came to a point where

she was about to pass appellee by turning the car into the traffic lane on the east side of the pavement which was for northbound travel. While thus in the act of passing appellee, he suddenly swerved the bicycle to his left across the center of the pavement and into the traffic lane in which appellant was then traveling. A collision occurred resulting in this suit by appellee to recover for injuries sustained. There is evidence appellant sounded her horn when she observed appellee turning from his traffic lane, but such warnings were unavailing.

The case is now before this court upon an appeal from an order of the trial court granting a motion for a new trial. The jury returned a verdict of not guilty. Plaintiff appellee filed a motion for new trial. This motion was granted for reasons assigned by the trial court in writing. The reasons so assigned are based entirely upon instructions given on behalf of the defendant below. This appeal thus presents a question as to the correctness and propriety of the instructions referred to, under the evidence in the case. Since the reasons assigned by the trial court for the granting of the motion for new trial deal entirely with instructions, it is assumed the trial court was satisfied with the finding of the jury on questions of fact.

The object of the present review is to determine if a just conclusion has been reached, founded upon competent and sufficient evidence, and that no prejudicial error occurred with respect to the rights of the complaining party, because of the instructions involved. It is not necessary to reverse a judgment because of harmless error. *People v. Jorczak,* 366 Ill. 507, 516; *People v. Booker,* 378 Ill. 334, 345.

Where the verdict is supported by the evidence, the test generally applied to instructions complained of, is whether they were prejudicial to the rights of the complaining party. Reference to some forty of the various jurisdictions will be found in 5 C. J. S., par.

1763, p. 1092, and a similar number of jurisdictions in 3 Am. Jur., par. 1122, p. 639, to the effect that an erroneous instruction will not constitute a ground for reversal unless the complaining party has been prejudiced thereby. The same rule applies with reference to a mere inaccuracy in an instruction. Reference to some thirty-five jurisdictions will be found in support of this in 5 C. J. S., par. 1763, p. 1107. This state will be found included in the foregoing authorities.

Defendant's instruction 3 is the old form telling the jury that if they believe a witness had wilfully and knowingly testified falsely to any material fact, the jury might disregard their testimony, except where corroborated by other credible evidence or by facts and circumstances in evidence. Appellee insists this instruction was erroneous under the holding in *People v. Flynn,* 378 Ill. 351, 355, because it did not tell the jury what constituted the material facts. However, an instruction was given which in detail set out the nature of the case, the issues necessary for plaintiff to prove, and those necessary for the defendant to prove, in order to maintain their contentions. We consider this sufficient.

Defendant's instruction 7 is objected to. This instruction advised the jury that if they believed from the evidence the plaintiff in the exercise of ordinary care and caution "could" have avoided the accident and neglected and failed so to do, and that such negligence caused or proximately contributed to the injury, then the plaintiff could not recover. The objection is made to the word "could," appellee urging that the word "would" should have been used in connection with the words "have avoided the accident," and that it was error to use the word "could." We do not believe the jury was confused or misled by use of the word "could" instead of the word "would," or that any different impression was created on the minds of the jury by use of the word "could" than would

have been by use of the word "would." In other words, to assume the jury made any distinction between the use of these two words, in its consideration of the evidence, is too highly speculative to now influence the disposition of this case.

Defendant's instruction 12 is objected to. It deals with a situation where plaintiff suddenly and without any fault on the part of the defendant, places himself in a position of danger. Among other things, it tells the jury that in order to charge the defendant with negligence, the plaintiff must "show" that the defendant had time and opportunity to become conscious of the situation, and by the exercise of due care, an opportunity to perform his duty towards plaintiff. It is urged here that the use of the word "show" is error. Appellee urges that the plaintiff is not required to show anything but is only required to prove his case by a preponderance of the evidence, citing in this respect, the case of *Hughes v. Medendorp,* 294 Ill. App. 424, 428, 429. We are not of the opinion the word "show" confused or misled the jury. In the ordinary use of language as understood by an average juror, the word merely advised the jury that the plaintiff must present evidence tending to prove such fact.

Appellee urges that the giving of certain instructions by defendant ending with the words, "you should find the defendant not guilty," constituted error because of an excessive number of such instructions. There are some six or seven of defendant's instructions which end in such words, or in a similar expression. This is a form of instruction that should be used with due discretion. However, we do not consider the trial court erred in this regard in the present case.

We find nineteen instructions given on behalf of defendant, and twelve on behalf of plaintiff. The jury appears to have been fully instructed on behalf of both parties to the suit. If the instructions as a whole when viewed in the light of the evidence, show no ten-

dency to confuse or mislead the jury with respect to
the principles of law applicable to the issues in the
case, then minor irregularities when considered as
an abstract proposition of law should not be permitted
to control, where it appears the complaining party's
rights have not thereby been prejudiced. Juries are
not versed in legal phraseology nor fine legal distinc-
tions. Instructions are handed to the trial judge at
the close of the case and just before argument. Nat-
urally, they are partisan in character, with each liti-
gant endeavoring to present his contentions in as skill-
ful and forceful manner as possible. It is inevitable
that a trial judge in the midst of a hotly contested case
will sometimes fail to detect all of the language of the
various instructions that may be inadvertently used.
However, modern tendency favors a liberal application
of the harmless error doctrine to instructions when it
appears the rights of the complaining party have in
no way been prejudiced. This situation is well ex-
pressed by the Supreme Court of this State in the fol-
lowing language:

"The office of instructions is to give information
to the jury concerning the law of the case for imme-
diate application to the subject matter before them.
The test, then, is not what meaning the ingenuity of
counsel can at leisure attribute to the instructions,
but how and in what sense, under the evidence before
them and the circumstances of the trial, ordinary men
acting as jurors will understand the instructions."
*Reivitz v. Chicago Rapid Transit Co.,* 327 Ill. 207, 213.

In reviewing orders granting motions for new trial,
this court will recognize the distinction between such
motion when based upon the evidence and when in-
volving questions of law. *In re Estate of Velie,* 318
Ill. App. 550.

As indicated by the Supreme Court in the case of
*Chicago City Ry. Co. v. Shaw,* 220 Ill. 532, at p. 536,
absolute accuracy with respect to instructions is a

thing seldom to be attained, and the courts for the want of it, should not set aside verdicts, unless such inaccuracy is of a character that the court must feel was likely to have misled the jury. Also see *Palmer v. Miller,* 310 Ill. App. 582, 595; *Bobalek v. Atlass,* 315 Ill. App. 514, 525.

In view of the foregoing and after a review of the record, we do not consider the instructions complained of tended to confuse or mislead the jury, or that the complaining party's rights were in any way prejudiced thereby.

The order of the trial court granting a new trial is reversed, and the cause remanded with directions to enter judgment on the verdict.

*Reversed and remanded with directions.*