**ALLERS v. BOHMKER.**

No. 10611.

United States Court of Appeals,
Seventh Circuit.

Nov. 5, 1952.

Rehearing Denied Dec. 6, 1952.

Swaim, Circuit Judge, dissented.

Donald A. Wine, Walter A. Newport, Jr., Davenport, Iowa, for appellant.

Edwin V. Champion, Peoria, Ill., C. D. Klatt, Peoria, Ill., for appellee.

Before KERNER, DUFFY, and SWAIM, Circuit Judges.

KERNER, Circuit Judge.

Plaintiff Florence Allers and three of her minor children sustained personal injuries when an automobile in which they were passengers, operated by Harry Allers, husband of Florence and father of the three children, collided with an automobile driven by defendant near the intersection of U. S. Highway 6 and Old Colona Road in Rock Island County, Illinois. Plaintiffs brought suit to recover damages for the injuries. Jurisdiction was based upon diversity of citizenship and the requisite amount in controversy. The jury returned a verdict in favor of defendant. From the judgment entered thereon, plaintiffs appeal, and present only one question. Did the court err in instructing the jury?

U. S. Highway 6 is a through highway running east and west. Colona road joins route 6 from the north by means of a "Y", one branch going southeast and the other, southwest. Colona road does not extend southward beyond route 6, but ends at the junction formed by the Y. The declaration charged in substance that defendant operated his automobile at a dangerous and unreasonable rate of speed, in violation of Ch. 95½, § 146(a), Ill.Rev.St.1951. Since this is a negligence case, plaintiffs had the burden of proving that defendant was guilty of negligent conduct which was the proximate cause of their injuries.

Plaintiffs, on January 2, 1949, at about 1:30 p. m., were proceeding from their home in Davenport, Iowa. Florence was riding in the front seat of the automobile driven by her husband. The children were in the rear seat. The Allers automobile was being driven south on Colona road, and turned into the southeasterly branch of the Y to enter route 6, over which defendant was driving his car in a westerly direction. The weather was clear and the concrete pavement of route 6 was free of ice and snow. Route 6 is about 18 feet wide. A standard sign, upon which appear the words "Stop. State route," is located on the right side of the intersection of route 6 and the southeasterly branch of Colona road, that is, somewhere in the center of the Y.

Florence testified that her husband was traveling at a moderate speed just before he turned into route 6 and that he stopped for the stop sign; that she checked for traffic approaching from the west over the brow of a hill and told her husband, "Go on. There is no one coming from the west side"; that she looked to the east and did not see defendant's car coming up the grade from the east; that as they proceeded into route 6 they were in their own traffic lane and were traveling at about 25 miles an hour; that when the Allers automobile had completed the turn east on route 6 she saw defendant's car swaving (sic) as he approached their automobile; that the cars collided head on, jackknifed and rested at the point of impact.

Plaintiffs' witness Garner testified that he was in an automobile driven by one Miller on Colona road, 30 feet to the rear of the Allers automobile, and that when Allers' automobile reached the stop sign it looked to him "like he slowed down to, I would say, four or five miles per hour. It looked like he shifted in second and started out." He also testified that defendant's car struck Allers' automobile on the left front part, and that just prior to the collision defendant's car was traveling at about 65 miles an hour.

Harry Allers testified that he had no recollection of the collision. Betty, the daughter, testified that she was sleeping, and both she and Milford, the son, testified they had no recollection of the events leading up to the accident.

It will not be necessary to set out the testimony adduced in behalf of defendant. It is enough to say that we have examined all of the evidence and that it was sufficient to establish that defendant's car struck Allers' automobile when 20 feet to the east of the northeast corner of Colona road and route 6; that when the Allers automobile was about 100 feet north of the stop sign,

it was traveling at about 35 miles an hour, and that its speed was not decreased before it entered onto route 6; that at that moment defendant was driving his car in the north lane on the right side of the road, westward on route 6, at about 45 miles an hour, and that his car was not swaying from side to side as it approached Colona road.

Plaintiffs make the point that the court erred in instrucing the jury, over plaintiffs' objection, that the jury must determine which automobile was the proximate cause of the injury, and in refusing to instruct the jury that "The proximate cause of an accident may be the result of two or more inseparable negligent acts uniting to produce the result." They argue that even though Allers' failure to stop before entering upon route 6 was negligence and a proximate cause of the accident, nevertheless, they insist, they were entitled to have the jury instructed that if the injury was caused by the concurring negligence of Allers and defendant, the defendant was liable to the same extent as though it had been caused by his own negligence.

■■■■ The negligence plaintiffs sought to establish against defendant was that he had driven his automobile upon a public highway at a speed greater than was reasonable and proper, having regard to the traffic and the use of the highway. It is true that a party to a suit is entitled to have his instructions given presenting his theory of the case, Hagen v. Schleuter, 236 Ill. 467, 86 N.E. 112, 22 L.R.A.,N.S., 856, and if an injury is caused by the concurring negligence of a defendant and a third person, the defendant is liable to the same extent as though the injury had been caused by his own negligence. Miller v. Union Pacific R. Co., 290 U.S. 227, 54 S.Ct. 172, 78 L.Ed. 285; Sullivan v. William Ohlhaver Co., 291 Ill. 359, 126 N.E. 191; Gleason v. Cunningham, 316 Ill.App. 286, 44 N.E.2d 940. But instructions are to be regarded as a series, Chicago City Ry. Co. v. Shaw, 220 Ill. 532, 536, 77 N.E. 139, and must be considered as a whole and not in their individual parts, Rosenfeld v. Curtis Pub. Co., 2 Cir., 163 F.2d 660, and if the instructions as a whole, when viewed in the light of the evidence, show no tendency to confuse or

mislead the jury with respect to the principle of law applicable to the issues, then minor irregularities, when considered as an abstract proposition of law, should not be permitted to prevail, where it appears that the complaining party's rights have not thereby been prejudiced, Kavanaugh v. Washburn, 320 Ill.App. 250, 255, 50 N.E.2d 761. We are mindful of and recognize the force in the abstract of the legal propositions asserted by plaintiffs, but it must be remembered that in Illinois it has been held that absolute accuracy with respect to instructions is a thing seldom to be attained, and the courts, for want of it, should not set aside verdicts unless the inaccuracy is of such a character that it misled the jury. Chicago City Ry. Co. v. Shaw, 220 Ill. 532, 536, 77 N.E. 139. And while an instruction, when offered, may be, in general, good law, if the jury has been fully and fairly instructed as to the law by other instructions, the refusal of such an instruction ought not to be held reversible error. Asmossen v. Swift & Co., 243 Ill. 93, 98, 90 N.E. 250.

■■■■ What is the proximate cause of an injury is ordinarily a question of fact, and whether defendant negligently drove his automobile at a greater speed than was reasonable and proper, having regard to the traffic and the use of the highway, was also a question of fact for the jury to determine. In the instant case, in addition to the criticized instruction, other instructions told the jury that they must determine from the evidence whether defendant, through negligence, was the cause of the injury, and that if the defendant was guilty of no negligence, plaintiffs were not entitled to recover, but if the jury believed that defendant was negligent and that his negligence was a proximate cause of the accident, they must find for plaintiffs. Thus, when the instructions are considered as a whole, they adequately advised the jury as to the applicable principles of law and under what circumstances they could find for plaintiffs; they were clearly told that if defendant was negligent and his negligence was a proximate cause of the accident, they must find for plaintiffs. In this situation there was nothing to confuse or mislead the jury with respect to the applicable principle of law;

the court's charge, considered as a whole, was without prejudice to plaintiffs. Since we cannot say as a matter of law that defendant was guilty of negligence, but must hold that it is implicit in the verdict that defendant was not guilty of any negligence which proximately contributed to plaintiffs' injuries, we think that the court's failure to instruct the jury as requested was not reversible error.

Affirmed.

SWAIM, Circuit Judge (dissenting).

I am unable to agree with the final conclusion of my colleagues in their opinion in this case.

The majority opinion recognizes that under the facts shown by the evidence the question of whether the defendant was negligent and, if negligent, whether his negligence was the proximate cause of the injuries to the plaintiffs were questions of fact for the jury to decide under proper instruction by the trial court.

While impliedly admitting that the driver of the plaintiff's car was negligent, counsel for the plaintiffs insist that they were entitled to have the jury instructed that if the injuries were caused by the concurrent negligence of Allers and the defendant, the defendant was liable to the same extent as though his negligence had been the sole cause of the injuries. The majority opinion admits that Illinois law recognizes the principle of such liability for concurrent negligence.

The majority opinion also recognizes the fact that each party is entitled to have his theory of the case presented to the jury by proper instructions, but the majority opinion says that the instructions are to be considered as a whole and if "when viewed in the light of the evidence, show no tendency to confuse or mislead the jury with respect to the principle of law applicable to the issues, then minor irregularities, when considered as an abstract proposition of law, should not be permitted to prevail, where it appears that the complaining party's rights have not thereby been prejudiced." I agree with this statement of law but I do not believe that it is applicable to the instructions in this case.

After giving the jury instructions as to their duty as jurors, the trial court told the jury: "This was what is known as a personal injury law suit. It's [sic] caused by the collision of two automobiles. And in determining the facts here you must determine *which automobile was the proximate cause* of the injury of these plaintiffs, together with certain other instructions that I intend to read to you that apply in cases of this sort." Another paragraph of the instructions to the jury said: " * * * you have heard the facts, you have heard the different persons testify what they saw and what they know about it, and from those facts you must determine whether or not this defendant, through negligence, was *the* cause of the injury. That you must do because, if he was not through his own negligence *the proximate cause* of this injury, then, of course, these plaintiffs, or any one of them, are not entitled to recover, so that is the first issue that should come before you under these instructions." Continuing, the court also told the jury: "Then if after you have heard that issue, that he was by his negligence *the proximte cause* of the injury, then you must further determine * * *." (Our emphasis.) In two other instances the court again told the jury that for the plaintiffs to recover the jury must find that the defendant was *the proximate cause* of the injury.

In my opinion these instructions were most likely to confuse and mislead the jury into thinking that their duty was to determine which one of the two drivers negligently caused the collision and that they were not permitted to find that the defendant was liable if the negligence of both drivers contributed to the collision and the resulting injuries. Counsel for the defendant in oral argument in this court admitted that an instruction telling the jury to determine "which automobile was the proximate cause" was "technically wrong," but he said he thought that the giving of these instructions had been cured by other instructions.

The majority opinion points out that the jury was also told that if they believed that the defendant was negligent and his negligence was *a* proximate cause of the accident they must find for the plaintiffs. The

giving of a correct instruction which contradicts a prejudicially incorrect instruction does not cure the latter. Bald v. Nuernberger, 267 Ill. 616, 620, 108 N.E. 724; Ratner v. Chicago City Ry. Co., 233 Ill. 169, 174, 84 N.E. 201; Metropolitan Life Insurance Co. v. Alterovitz, 214 Ind. 186, 205, 14 N.E.2d 570, 117 A.L.R. 770.

For these reasons, I would reverse and remand.