Guillermo **OLIVERAS**, Plaintiff-Appellant,

v.

UNITED STATES LINES COMPANY, Defendant-Appellee.

No. 261, Docket 27458.

United States Court of Appeals Second Circuit.

Argued March 12, 1963.

Decided June 5, 1963.

Donald S. Sherwood, New York City (Kenneth Heller, New York City); for appellant.

Robert P. Hart and Henry J. O'Brien, New York City (Kirlin, Campbell & Keating, New York City), for appellee.

Before MOORE, FRIENDLY and SMITH, Circuit Judges.

LEONARD P. MOORE, Circuit Judge.

Appellant, plaintiff below, brought suit in the district court to recover damages for a back injury allegedly sustained while employed aboard defendant-appellee's vessel, the S. S. America. Suit was predicated on negligence under the Jones Act, 46 U.S.C. § 688, and unseaworthiness. A claim for maintenance and cure was also made. During the course of the trial, appellant withdrew his claim of unseaworthiness and his action was submitted to the jury solely on the claim of negligence under the Jones Act; the claim for maintenance and cure was reserved for the trial judge. The jury returned a verdict for the defendant on the Jones Act claim and the trial judge determined that plaintiff was entitled to no further maintenance and cure.

Appellant, a seaman, was employed aboard the S. S. America as a tourist class deck steward whose duties consisted of renting deck chairs, pads and blankets to tourist class passengers and, in general, rendering service to the passengers with respect to the chairs. At about 3:30 P.M. on the date of the accident, he was told to remove the blankets and pads from the chairs on deck because of impending rain. After completing this task, he was instructed to remove the deck chairs and take them below. In the course of this operation, according to appellant's testimony, the high wind and violent motion of the

ship caused him to be thrown against a hatch and onto a pile of disarranged chairs, thereby causing the injuries complained of.

All the claims of error presented here relate to the trial court's charge to the jury, both as to commission and omission, and to the disallowance of an award for past maintenance and cure. The first of appellant's contentions is the failure to charge one of the plaintiff's theories of negligence after having been specifically requested to do so. The court's charge on negligence encompassed three somewhat overlapping theories under which defendant could be held liable for plaintiff's injuries if

" * * * the defendant, as employer of the plaintiff, negligently failed to provide him with a reasonably safe place in which to work; negligently failed to give him timely warning of the approach of bad weather and negligently failed to properly instruct him in a safe manner of performing his work."

Plaintiff's attorney took exception and asked the court to charge that defendant could also be found liable if it had been negligent in requiring that plaintiff take the deck chairs below instead of ordering that they be lashed to a rail on deck. This course, it was contended, would have cleared the deck of the loose chairs much more rapidly and would have minimized plaintiff's exposure to the weather and heavy seas and the risks attendant to working on an unprotected deck under such conditions. The trial court at first agreed to give such a charge but, on being erroneously informed by defense counsel that he had already done so, refused the request.

■■ A litigant is entitled to have a trial judge advise the jury of his claims and theories of law if supported by the evidence and brought to the attention of the court. Brown v. Addressograph-Multigraph Corp., 300 F.2d 280 (6th Cir. 1962); Allers v. Bohmker, 199 F.2d 790 (7th Cir. 1952). But the court is not required to give instructions in the language and form requested. If the charge as given is correct and sufficiently covers the case so that a jury can intelligently determine the questions presented to it, the judgment will not be disturbed because further amplification is refused. United States v. Bayer, 331 U.S. 532, 67 S.Ct. 1394, 91 L.Ed. 1654 (1947); Railway Co. v. McCarthy, 96 U.S. 258, 24 L.Ed. 693 (1877); Brown v. Addressograph-Multigraph Corp., supra; Tyler v. Dowell, Inc., 274 F.2d 890 (10th Cir. 1960). Our appellate function is to satisfy ourselves that the instructions, taken as a whole and viewed in the light of the evidence, "show no tendency to confuse or mislead the jury with respect to the principle of law applicable". Allers v. Bohmker, supra, 199 F.2d at 792. See also Chicago & N. W. Ry. Co. v. Green, 164 F.2d 55 (8th Cir. 1947).

The plaintiff's case consisted, essentially, of his own testimony and that of four witnesses called by him. One of these witnesses identified certain weather reports and another was a medical expert who testified on the extent of plaintiff's injuries. The testimony of the remaining two witnesses was directed almost exclusively to the negligent character of defendant's conduct in not ordering plaintiff to lash the chairs instead of taking them below. This was virtually the only testimony introduced by plaintiff to support a claim of negligence. This was the only theory of negligence seriously controverted by defendant's witnesses. After charging the jury on the law applicable to the case, including the language quoted above, the court carefully marshalled this evidence, which as given in summary form, highlighted even more the theory upon which plaintiff placed major reliance.

■ Under these circumstances we find appellant's contention that the jury was not made fully aware of his theories or that it was led to believe that the trial judge discounted them because he did not give the charge requested by plaintiff is not well-founded. The charge included plaintiff's claims that he should

not have been sent on deck in such rough weather and that defendant failed to instruct him properly on a safe manner of performing his work. This charge, of course, included the more specific instruction requested by plaintiff. The nature and validity of plaintiff's theory relating to the lashing of the chairs was sufficiently brought home to the jury by the testimony and the inquiries of counsel of witnesses for both sides, and by the trial court's marshalling of the evidence.

■ Appellant also finds reversible error in the trial court's charge that in order for plaintiff to succeed he must establish that defendant's negligence was "*the* proximate cause" of his injuries. Appellant contends that defendant's negligence need not have been but *a* proximate cause of the injury. The relevant portion of the charge reads:

"The plaintiff, in order to succeed must establish by a fair preponderance of the evidence that the defendant was negligent and that such negligence was the proximate cause, *in whole or in part,* of his injuries." (Emphasis added.)

The italicized language is taken from the Jones Act. The court's charge, given in the language of the statute, was correct and appellant's argument that the jury was given the impression that defendant's negligence had to be the sole cause of the injury is not sound. We have considered the other claims of error relating to the court's charge and find them without merit.

■■ In addition to the claim for personal injuries, plaintiff sought maintenance and cure for 106 days, from December 29th, 1960 to March 29th, 1961 and from September 15th to October 7th, 1961, in the sum of $848. Prior to the commencement of plaintiff's action, the defendant had paid plaintiff the sum of $944 for 118 days, from September 12th to December 8th, 1959 and from February to March, 1960. The trial court may, it seems, have been under the mistaken impression that the amount already paid to plaintiff covered the period for which an award was being sought in the present action and held that plaintiff was not entitled to any maintenance and cure beyond that which he had already received. If so, this was error and the case must be remanded for another determination of whether plaintiff is entitled to maintenance and cure for the period claimed. There are no findings as to the date on which "plaintiff had reached the maximum improvement which can be expected." The amount, if any, for maintenance and cure in addition to the $944 already paid must be calculated in relation to such date.

Affirmed in part; reversed and remanded in part.

J. JOSEPH SMITH, Circuit Judge (concurring in part and dissenting in part).

I agree that the claim for maintenance and cure must be remanded. I would also reverse and remand the negligence claim for retrial. I therefore dissent from the affirmance of judgment on the jury verdict. Plaintiff made a specific request for instructions on the fourth claim of negligence, that reasonable care under the conditions required orders to lash the chairs rather than carry them below. He was entitled to a charge on the claim, whether in his own language or not. Misled by defendant's counsel, the judge believed he had given the specific charge, and denied the request. The general references in the charge to failure to properly instruct, Plaintiff's App. p. 3, and to the testimony on normal procedure, pp. 9 and 13, are not sufficient in the light of plaintiff's request.