## WHITNEY CHAIN & MFG. CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 254.

Circuit Court of Appeals, Second Circuit.

June 6, 1945.

Henry L. Shepherd, of Hartford, Conn. (Hewes, Prettyman & Awalt, of Hartford, Conn., of counsel), for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Helen R. Carloss and I. Henry Kutz, Sp. Assts. to Atty. Gen., for respondent.

Before SWAN, CHASE, and FRANK, Circuit Judges.

PER CURIAM.

This is an appeal from a decision of the Tax Court sustaining the respondent's determination that for the year 1939 the petitioner was subject to the tax liability imposed by section 102 of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 102. The Tax Court made detailed findings of fact from which it concluded that during the taxable year the taxpayer's earnings or profits were permitted to accumulate beyond the reasonable needs of its business instead of being distributed, and through such medium it was availed of for the purpose of preventing the imposition of surtaxes upon its shareholders. There is no dispute as to any of the evidentiary facts, but it is urged that the Tax Court's ultimate conclusions are arbitrary and unsupported by substantial evidence.

It is unnecessary to repeat the facts as reported in 3 T.C. 1109. In brief, it may be said that the taxpayer's section 102 income for 1939 was some $138,000, of which about $68,000 was distributed as dividends and about $70,000 was retained, because its directors foresaw the necessity of heavy expenditures in order to equip the corporation for the production of war materials if, as they believed would happen, the United States should become involved in the World War. The directors' predictions came true and during 1939 to 1942 inclusive the corporation expended nearly $585,000 for additional facilities and conversion of its plant to war production. However, the Tax Court was of opinion that the $70,000 of retained earnings could have been distributed in any one of three different ways without impairing the corporation's capacity to carry out its projected program of war time expansion. Its shareholders were indebted to the corporation in more than $300,000 on demand notes bearing no interest. The corporation might have distributed the $70,000 either (1) by declaring a cash dividend conditioned upon the shareholders applying the sums received in reduction of their indebtedness; or (2) by declaring a dividend in kind, payable by the cancellation of the debts of the shareholders to the extent of the retained earnings. A third possibility was the declaration of a dividend to the extent of the retained earnings, payable in stock of the Hanson-Whitney Machine Company in which the taxpayer held stock carried on its books at a figure of some $380,000, and for which there was no ready market in 1939. Any one of these three methods would have distributed the earnings without reducing the quick assets available for use in the corporation's business. See United Block Co. v. Helvering, 2 Cir., 123 F.2d 704, 705, certiorari denied 315 U.S. 812, 62 S.Ct. 797, 86 L.Ed. 1211. And the Tax Court thought these methods "might be expected to have occurred to a directorate of the calibre of the petitioner's" and that "the existence of such obvious alternatives" contradicts the taxpayer's claim that the sole reason for failure to distribute the re-

tained earnings was to finance the anticipated expansion. Whether or not we should ourselves have drawn such inferences, we cannot say that they are so unreasonable and arbitrary as to require reversal of the Tax Court's ultimate conclusions. How limited is the scope of judicial review in a case of this character we have pointed out very recently. Gibbs & Cox v. Commissioner, 2 Cir., 147 F.2d 60, 63. See also Commissioner v. Estate of Bedford, 65 S. Ct. 1157.

Accordingly the decision must be and is affirmed.