---

Louis Rosenzweig, and Thomas F. Chawke, Detroit, Mich. (Thomas F. Chawke, Earl D. Ross, and Louis Rosenzweig, all of Detroit, Mich., on the brief), for appellants.

Joseph C. Hooper, and Frank B. DeVine, Ann Arbor, Mich. (DeVine & DeVine and Hooper & Blashfield, all of Ann Arbor, Mich., on the brief), for appellee.

Before SIMONS, ALLEN and MARTIN, Circuit Judges.

**TRANSAMERICAN FREIGHT LINES, Inc. et al. v. UNIVERSAL DIE CASTING CO.**

No. 11369.

United States Court of Appeals
Sixth Circuit.

Dec. 14, 1951.

PER CURIAM.

This case arises out of a collision between a truck and a tractor and trailer at the intersection of U. S. Highway No. 112 and the Willow Run Expressway in Washtenaw County, Michigan. Plaintiff's tractor and trailer turned into the southerly lane of U. S. 112 on which defendant's truck was proceeding in an easterly direction. The accident occurred in the evening of February 5, 1946, and visibility was extremely low, due to fog. In the ensuing collision plaintiff's tractor and trailer with cargo were entirely destroyed, and suit for property damage was filed. Two insurance companies joined as plaintiffs.

The case was tried to a jury and the court gave an extensive charge both upon the common law duty and the statutory duty of drivers of motor vehicles in the state of Michigan. The court read to the jury the Michigan statute upon the Assured Clear Distance Rule, § 9.1565, Mich.Stat.Ann., Comp.Laws 1948 Mich. § 256.305, and charged the jury upon its application to both drivers. While the plaintiff now contends that the charge in various particulars is misleading and erroneous, no exception was taken thereto. All such objections are therefore waived because not made in

compliance with Rule 51 of the Federal Rules of Civil Procedure, 28 U.S.C.A. which requires a party objecting to the giving, or the failure to give an instruction, to make such objection before the jury retires, "stating distinctly the matter to which he objects and the grounds of his objection."

The sole question presented here is whether the court erred in refusing to charge as requested at the close of the charge, that "an operator of a vehicle entering a through highway from an intersection has the right to rely upon the operation of a vehicle proceeding upon the through highway that it will be operated in such a manner that the operating of the vehicle on a through highway can stop the vehicle within the distance that he can see the vehicle approaching from the intersecting highway, if necessary." The court, considering that the subject had been covered, refused to give the instruction requested. The jury returned a verdict for the defendant of no cause of action.

Under this record it was not reversible error for the court to refuse this charge. The instructions had fully defined the obligation of automobile drivers both under the statute and under the common law, and had specifically charged the jury that the defendant must be found liable if he failed to have his automobile under such control as to stop within the range of his vision, or if, being able to do so, he failed to stop, and as a result the collision occurred. By its emphasis upon the requirements of the statute and the common law as applicable to both parties, the court sufficiently covered the charge requested.

The judgment is affirmed.