OPINION. Opper, Judge: The burden of proving absence of the ultimate corporate activity[1] prohibited by section 102 is concededly imposed upon petitioner. See Pelton Steel Casting Co., 28 T.C. 153, affd. (C.A. 7) 251 F. 2d 278, certiorari denied 356 U.S. 958. Assuming in its favor that the evidentiary element of business need has not been rebutted by respondent because of the statement furnished by petitioner, see section 534, I.R.C. 1954, as amended by sections 4 and 5 of Pub. L. No. 367, 84th Cong., 1st Sess. (1955), that factor then merely becomes neutral. An understandable confusion, see Casey v. Commissioner, (C.A. 2) 267 F. 2d 26, reversing T.C. Memo. 1957-226, exists between proof of “unreasonable accumulation”[2] which., if present, is prima facie evidence of the prohibited purpose under section 102, I.R.C. 1939; and proof of absence of the condemned purpose, which does not follow automatically from affirmative proof of business need.[3] There is nothing in section 102, either before or after the 1955 amendment, which makes the entire case turn on the unreasonableness of the accumulation as related to business needs. These are two separate questions.[4] See F. E. Watkins Motor Co., 31 T. C. 288, 297, 300. Had there never been a reference in the Code to reasonable needs of the business, respondent’s determination that a corporation’s earnings were accumulated for the purposes described in section 102 would still be presumptively correct. If there is no proof by respondent of the unreasonableness of the accumulation as regards business needs and there is no other evidence, petitioner must still fail because the burden of proof of facts sufficient to show the error of respondent’s determination is basically upon it as in all comparable proceedings. Thus, the statute may be found not to apply in some eases where the accumulations are unreasonable * * * or, conversely, may be held to apply [even] where they are reasonable * * *. Hence, reasonableness or unreasonableness of an accumulation may constitute a factor in arriving at the ultimate determination, but the statutory prohibition may apply irrespective thereof whenever the proscribed purpose appears. * * * Though intent is a state of mind, it is nevertheless a fact to be proved and found as are other facts. * * * Of course, the corporation’s intent will be considered to be that of those responsible for its acts. * * * In this regard, while the testimony of petitioner’s officers and shareholders is entitled to some weight, the issue is to be resolved in the light of all of the surrounding circumstances, including, of course, the interests of those in control, and their actual conduct. * * * [Pelton Steel Casting Co., 28 T.C. 153, 173-174, affd. (O.A. 7) 261 F. 2d 278, certiorari denied 356 U.S. 958. Emphasis added.] There can be no question that petitioner was availed of here to prevent imposition of the surtax upon its shareholders which would have occurred had the earnings been distributed. Our findings make it clear that many thousands of dollars would have been due from them as income taxes if the current earnings had been distributed. This, however, is no more than a preliminary requisite. The statute also calls for the existence of the inhibited purpose. If this purpose exists it may be accompanied by other legitimate business objectives and still the statute will apply. Helvering v. Stock Yards Co., 318 U.S. 693; Whitney Chain & Mfg. Co., 3 T.C. 1109, 1119, 1120, affd. (C.A. 2) 149 F. 2d 936. While it is always difficult to determine the state of a person’s mind, and perhaps more especially that of a corporation, we think, on the present record, any corporate intent must be attributable purely to its guiding hand, Young, and that petitioner has failed to carry its burden of showing that one of the purposes of maintaining its relatively large corporate surplus was not to prevent the imposition of surtax upon Young and his wife by means of accumulating its earnings. There is in fact no testimony anywhere in the record that this was not one of petitioner’s purposes.[5] Nor is there, as in Breitfeller Sales, Inc., 28 T.C. 1164, any formal action of the board of directors stating a purpose of any kind for the accumulations. It is not unreasonable to assume that petitioner’s controlling stockholder would expect and intend the corporate action to have its inevitable result of freeing the stockholders income from tax by reason of the failure to distribute. But in addition to the failure to rebut the presumption of correctness, there is affirmative evidence to support the determination. See Helvering v. Nat. Grocery Co., 304 U.S. 282; Helvering v. Stock Yards Co., supra. No dividends have ever been paid by petitioner over its 20-odd-year history. Most of the accumulated surplus was loaned to the principal stockholder or his controlled but unrelated businesses. Nearly all the loans were without security, and all, as petitioner states in its brief, “were non-interest bearing in the period in question.” The stockholder not only permitted the dividends to accumulate but even failed to draw large amounts of salary. And although petitioner occupied property owned by the stockholder, there is evidence that the rent collected was unduly low in the years before us.[6] On the entire evidence, both affirmative and negative, we accordingly conclude that respondent correctly determined the deficiency under section 102,I.B.C.1939. Decision will he entered for the respondent. SEC. 102. SURTAX ON CORPORATIONS IMPROPERLY ACCUMULATING SURPLUS. (a) Imposition of Tax. — There shall be levied, collected, and paid for each taxable year (In addition to other taxes Imposed by this chapter) upon the net income of every corporation * * * If such corporation, however created or organized, is formed or availed of for the purpose of preventing the imposition of the surtax upon its shareholders or the shareholders of any other corporation, through the medium of permitting earnings or profits to accumulate instead of being divided or distributed, a surtax * * * [[Image here]] (c) Evidence Determinative of Purpose. — The fact that the earnings or profits of a corporation are permitted to accumulate beyond the reasonable needs of the business shall be determinative of the purpose to avoid surtax upon shareholders unless the corporation by the clear preponderance of the evidence shall prove to the contrary. This includes tlie consequence of the 1955 amendment which places upon respondent the burden of proof that the accumulation was not beyond the reasonable needs of the business where petitioner has submitted an adequate statement. For provisions applicable to 1954 and subsequent years, see, e.g., section 535. Of course, the ease may be tried on the theory that the reasonable business needs issue is dispositive. Breitfeller Sales, Inc., 28 T.C. 1164, 1169. But that was not so here. “They denied that the matter of surtax avoidance by the shareholders was ever discussed, or that the possibility of such avoidance was ever a consideration in determining the disposition of the company’s earnings. These denials remain unshaken by cross-examination. Of course, such denials are not entirely controUing. Perhaps they are to be expected, for without them there would he no controversy.’’ (Cecil B. DeMille, 31 B.T.A. 11161, 1175, affd. (C.A. 9) 90 F. 2d 12, certiorari denied 302| U.S. 713. Emphasis added.) “Q. Well now, do I understand, then that in effect what you were getting from the petitioner [as rent] was actually about what it cost you to run the property? “A. That’s right. “Q. So that, if you had put it up to the petitioner to make these payments, it really would have turned out that you weren’t getting any rent either? “A. I wasn’t getting any profit on the rent, let’s put it that way. “Q. So, in addition to your salary, and in addition to not getting dividends, yon ware really not getting any rent? “A. That’s right,” (Tt,, pp. 127-128.)