Gladys WAXLER, Administratrix of the Estate of Homer Louis Waxler, Deceased, Plaintiff-Appellant,

v.

WAXLER TOWING CO., Inc., Defendant-Appellee.

No. 15813.

United States Court of Appeals
Sixth Circuit.

Jan. 29, 1965.

Harvey Goldstein, New York City (Shepherd, Heiskell, Williams, Wall & Kirsch, Memphis, Tenn., S. Eldridge Sampliner, Cleveland, Ohio, on the brief; Goldstein & Sterenfeld, New York City, of counsel), for appellant.

Edward W. Kuhn, Memphis, Tenn., (Henry T. V. Miller, Memphis, Tenn., on the brief; McDonald, Kuhn, McDonald, Crenshaw & Smith, Memphis, Tenn., of counsel), for appellee.

Before CECIL and EDWARDS, Circuit Judges, and WEINMAN, District Judge.

EDWARDS, Circuit Judge.

In this appeal plaintiff-appellant, mother and administratrix of the estate of Homer Waxler, deceased, appeals from an adverse jury verdict. Suit had been brought under the Jones Act, 46 U.S.C. § 688, alleging that decedent's death was

due to the negligence of defendant, Waxler Towing Company.[1]

It is undisputed that decedent was drowned when he fell or was knocked overboard under circumstances which were unobserved by any witness. At the time decedent was engaged in fueling a barge owned by defendant company by use of a fuel line passed aboard defendant's barge from a refueling ship. The refueling ship and the defendant's barge were tied together, bows upstream, in the Mississippi River below Memphis.

The captain of the refueling ship heard the refueling pump start to race, heard a call for help, observed decedent in the water, and the refueling hose over the side of the barge. He sought life saving equipment, and finding none immediately at hand, ran back toward his own ship, procured a life jacket and threw it to decedent as he was being carried downstream. Failing to reach him with this effort, he then went back to his own craft, untied a small boat, and rowed to the rescue, just failing to reach decedent before he went down.

Decedent's father was the captain of the Waxler barge and in charge of it at the time of the accident. Defendant company is owned by members of the Waxler family.

Plaintiff claimed negligence on the part of defendant in failing to make the refueling hose secure in defendant's tank and in failing to have proper rescue equipment readily available. Defendant pled contributory negligence on the part of decedent. The jury returned a verdict of no cause for action for the defendant.

On appeal the only issues presented relate to the trial judge's charge to the jury. Plaintiff-appellant asserts that the charge was fatally deficient in that it did not adequately define negligence or burden of proof. No objection on either score had been made by counsel for plaintiff after the charge.

Rule 51 of the Federal Rules of Civil Procedure provides:

"No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury." Rule 51 Fed.R.Civ.P.

The Court twice instructed on the standard of care required.

"The Court instructs you that the measure of care charged upon the defendant towing company and its employees in equipping and operating this motor vessel is ordinary and reasonable care. The defendant towing company is not an absolute insurer of the safety of its employees in such matters. If it were, it would not be necessary for the plaintiff to prove negligence as she has alleged in this case. So the rule requires, as I say, that the defendant towing company exercise reasonable and ordinary care with respect to the safety of the members of the crew."

The charge pertaining to negligence must also take into account the following language included therein:

"The Jones Act, which is an Act of Congress, is applicable in this case because at the time of his death the deceased was a member of a crew of a vessel operating on a navigable stream. This Jones Act, when so applicable, provides that every owner and operator of a vessel on a navigable stream shall be liable in damages as the result of the death of any of its crew members, if this death results, in whole or in part, from the negligence of such owner and operator or any of its servants, agents, and employees. This liability may be based upon a negligent act, even

---

1. This statute allows suit by the personal representative of a seaman who suffers a fatal injury under the same statutory terms as applicable in the case of the death of a railroad employee. See Title 45 U.S.C. §§ 51–60.

though slight, and which contributes only in part, provided it does in fact cause or contribute to the death."

In two other places the charge reiterated this "in whole or in part" standard contained in the statute. See Title 45 U.S.C. § 51.

■ While in what has been quoted above we find no language that directly defines negligence, we think the jury could accurately deduce the meaning of the term from the instructions we have quoted. We do not think that any prejudice to plaintiff resulted therefrom, or that the error is so clear as to take it out of the purview of Rule 51. McPherson v. Hoffman, 275 F.2d 466 (C.A.6, 1960).

We believe the same observation may be made in relation to the burden of proof issue. The trial judge defined the burden of proof as "the greater weight and preponderance of the evidence." Although defining these latter terms would have been better practice, we do not believe that the jury was confused or the plaintiff prejudiced by this omission. And, again, we note that the omission was not objected to or called to the attention of the Court.

Appellant's other two objections to the charge relate to failure on the part of the trial judge to give plaintiff's request to charge on the issue of defendant's duty to attempt rescue in the language requested.

In relation to this duty, the Court did charge as follows:

"It is further the theory and contention of the plaintiff that the death of her son resulted in whole or in part from the negligence of the defendant towing company in not having readily available a reasonable amount of life saving and rescue equipment."

It is apparently appellant's point that the trial judge should have specifically instructed the jury that certain life saving equipment on the Waxler barge,[2]

which was not located at the point on the vessel where decedent fell or was thrown into the water, was not "readily available."

■ The testimony on which the appellant relies in this regard was submitted to the jury and we believe it was sound practice for the trial judge to leave that determination to them as a matter of fact after he had given them an understandable standard against which to consider the evidence.

Appellant's last point pertains to the fact that the trial judge did not, as requested, instruct that in relation "to the duty of rescue there is no defense of contributory negligence on the part of the deceased."

■ In this regard we note the charge on the topic of contributory negligence under the Jones Act, as given by the Court:

"If you find that the deceased, Homer Louis Waxler, was guilty of contributory negligence which caused or contributed to the accident, such contributory negligence would not, under the Jones Act, prevent his mother from recovering, but the damages which might otherwise be awarded to her must be diminished or reduced by you in proportion to the amount of contributory negligence which you find is attributable to the deceased."

In the light of the Jones Act standards, as accurately stated in this paragraph (See Fitzgerald v. United States Lines, 374 U. S. 16, 19, 83 S.Ct. 1646, 10 L.Ed.2d 720 (1963); Title 45 U.S.C. § 53), we can only read the jury verdict of no cause for action as a finding of no negligence in relation to the defendant. Obviously, if they had found any negligence on the part of the defendant, they were free under the instruction as quoted to render a verdict in favor of the plaintiff, diminished only by such contributory negligence as appeared. We do not believe,

2. The evidence showed that there was a life ring at the bow and life jackets in the crew quarters.

taking the District Judge's charge as a whole, that the inadequacies [3] we have referred to were such as to confuse or mislead the jury, or to prejudice plaintiff's case. Oliveras v. United States Lines Company, 318 F.2d 890 (C.A.2, 1963). On the contrary, it is our opinion that the charge considered as a whole was informative and eminently fair, and that this latter fact serves to explain plaintiff's counsel's failure to object before the jury verdict was returned.

Affirmed.

3. Subsequent to release of this Court's opinion as printed herewith, a corrected transcript of the trial judge's charge was filed by the court reporter. It appears therefrom that the omissions criticized above may have resulted from the reporter's error rather than omission by the Judge. This appeal was argued, however, upon the record as originally certified, which contained the omissions, and no motion for rehearing has been filed.