**Allen V. CROOM, Plaintiff-Appellant,**

v.

**Chris FIEDLER and Chris Fiedler Co., Inc., Defendants-Appellees.**

**No. 15617.**

United States Court of Appeals
Sixth Circuit.

Feb. 26, 1965.

---

W. H. Fisher, III, Memphis, Tenn., for appellant.

Leo Bearman and Robert M. Burton, Memphis, Tenn., for appellees.

Before WEICK, Chief Judge, ED-WARDS, Circuit Judge, and McCREE, District Judge.

McCREE, District Judge.

Plaintiff-appellant, who was a passenger in an automobile driven by defendant-appellee, Chris Fiedler, instituted an action based on diversity of citizenship against Chris Fiedler and others for damages for personal injuries resulting from a collision between the Fiedler vehicle and another automobile propelled into it by the vehicle of one of the other defendants. The complaint charged inter alia that defendant-appellee was guilty of negligent driving and of driving "while his ability was impaired from drinking an intoxicating liquor." At the conclusion of the proofs, the jury returned a verdict in favor of defendant-appellee.

This appeal presents only two questions. First, it is contended that the trial judge erred in instructing the jury that it was plaintiff's theory that the defendant Chris Fiedler "was guilty of negligence and negligence per se in driving while under the influence of an intoxicant in violation of § 59–1031 of the Tennessee Code Annotated when there was no such theory advanced by the plaintiff in his complaint or otherwise and when the assertion of such a theory by the plaintiff automatically rendered him guilty of contributory negligence and assumption of the risk under the proof in the case and the other instructions of the court, thereby precluding his recovery."

We conclude that no error was committed by the court in its charge to the jury. Clearly the question of defendant's intoxication was presented by the evidence for resolution by the jury. Plaintiff-appellant's argument, which he presents here as he did in the court below, is that the language employed in

the complaint does not raise the issue of intoxication as presented in the Tennessee Statute which makes it unlawful to drive "while under the influence of an intoxicant" (Tenn.Code, § 59–1031). He asserts that having ones ability impaired from drinking intoxicants is different from being under the influence of intoxicants. This nice distinction escapes this court as it likewise escaped the trial court. It would appear that whenever a person's mental or physical abilities are impaired by reason of the consumption of alcohol that he would for that reason be "under the influence" and we so hold in the absence of Tennessee authority to the contrary.

■ In any event, in another portion of the charge the court instructed, "Therefore, if you find from a preponderance of the evidence in this case that the plaintiff, as a guest, voluntarily rode in the automobile being driven by Mr. Fiedler, knowing that Mr. Fiedler's ability to drive was impaired by intoxicating liquor as might cause him to be careless and indifferent for his own safety, or that of the plaintiff, or incompetent to operate a car properly, and the plaintiff was injured through the negligence of Mr. Fiedler brought about by the intoxicant he had taken, the plaintiff assumed the risk when he voluntarily rode with him and would be guilty of contributory negligence barring his recovery against this defendant, Mr. Fiedler."

It is our opinion that the charge, considered as a whole, was eminently fair and we find no error as claimed. Oliveras v. United States Lines Company, 318 F.2d 890 (2d Cir. 1963); Waxler v. Waxler Towing Company, 342 F.2d 746 (6th Cir., Jan. 29, 1965, No. 15813).

■■ The second question on appeal requires us to determine whether it was proper for the court to admit the testimony of several witnesses to the effect that the plaintiff-appellant said that defendant-appellee was not at fault. Plaintiff-appellant is correct in his contention that Tennessee law requires the exclusion of extra-judicial admissions of a party expressed in opinion form. Stanford v. Holloway, 25 Tenn. 379, 157 S.W. 2d 864 (1941). King v. Leeman, 30 Tenn.App. 206, 204 S.W.2d 384 (1947). This court has held, however, that the fact that a state court would exclude testimony does not necessarily require its exclusion by a United States District Court exercising diversity jurisdiction within such state because of Rule 43(a) [1] of the Federal Rules of Civil Procedure which favors admissibility of evidence. Erie R. Co. v. Lade, 209 F.2d 948 (6th Cir. 1954). See also Thomas v. Hogan, 308 F.2d 355 (4th Cir. 1962). Monarch Insurance Company of Ohio v. Spach, 281 F.2d 401 (5th Cir. 1960).

Both Wigmore and McCormick regard the Tennessee rule as a minority rule and prefer the majority rule which admits admissions phrased as opinion. Wigmore, Evidence, § 1052 (3rd Ed., 1940) McCormick, Handbook of the Law of Evidence, § 241 (1954). See also 31A C.J.S. Evidence § 272 (1964). Accordingly, we find no error in the ruling of the trial court.

The judgment below is affirmed with costs to appellee.

1. "In all trials the testimony of witnesses shall be taken orally in open court, unless otherwise provided by these rules. All evidence shall be admitted which is admissible under the statutes of the United States, or under the rules of evidence heretofore applied in the courts of the United States on the hearing of suits in equity, or under the rules of evidence applied in the courts of general jurisdiction of the state in which the United States court is held. In any case, the statute or rule which favors the reception of the evidence governs and the evidence shall be presented according to the most convenient method prescribed in any of the statutes or rules to which reference is herein made. The competency of a witness to testify shall be determined in like manner."