The DONRUSS COMPANY, Plaintiff-Appellee,

v.

UNITED STATES of America, Defendant-Appellant.

No. 16788.

United States Court of Appeals Sixth Circuit.

Sept. 27, 1967.

Thomas Silk, Jr., Atty., Dept. of Justice, Washington, D. C., for appellant, Richard M. Roberts, Acting Asst. Atty. Gen., Meyer Rothwacks, Melva M. Graney, Attys., Dept. of Justice, Washington, D. C., on brief, Thomas L. Robinson, U. S. Atty., Memphis, Tenn., of counsel.

B. C. Clifton, Memphis, Tenn., for appellee, Lucius E. Burch, Jr., Tom Mitchell, Jr., Memphis, Tenn., on brief, Burch, Porter & Johnson, Farris, Hancock & Mitchell, Memphis, Tenn., of counsel.

Before O'SULLIVAN and CELEBREZZE, Circuit Judges, and BATTISTI, District Judge.*

BATTISTI, District Judge.

The Commissioner of Internal Revenue assessed and collected from appellee, The Donruss Company (hereafter Donruss), accumulated earnings taxes for the taxable years 1960 and 1961. Thereafter, Donruss brought an action for the refund of said taxes in the District Court for the Western District of Tennessee. On the basis of a jury's responses to special interrogatories, the District Court entered judgment for Donruss. The United States appeals.

The interrogatories which were submitted to the jury, and the responses thereto, are as follows:

"1. Did plaintiff corporation permit its earnings or profits for the following years to accumulate beyond the reasonable or reasonably anticipated needs of its business?

| | Answer |
|---|---|
| Year ended January 31, 1960 | Yes |
| Year ended January 31, 1961 | Yes |

"2. Were such accumulations retained by plaintiff corporation for the purpose of avoiding the income tax on its shareholder, Don Weiner?

| | Answer |
|---|---|
| Year ended January 31, 1960 | No |
| Year ended January 31, 1961 | No " |

In this appeal the Government does not specifically question the propriety of the above-quoted interrogatories. Rather, it urges that the portion of the District Court's general charge explaining the principles underlying the same was misleading and incorrect.

Section 531 of the Internal Revenue Code of 1954 imposes an accumulated earnings tax on every corporation which, as described in Section 532, is "formed or availed of for the purpose of avoiding the income tax with respect to its shareholders * * *, by permitting earnings and profits to accumulate instead of being divided and distributed." Section 533(a) provides that where earnings and profits of a corporation are permitted to accumulate beyond the reasonable needs of the business, this fact "shall be determinative of the purpose to avoid the income tax with respect to shareholders, unless the corporation by the preponderance of the evidence shall prove to the contrary."

 The ultimate question in every accumulated earnings tax case is not whether earnings and profits have been accumulated beyond the reasonable needs of the business but whether they have been accumulated for the purpose of avoiding income tax with respect to shareholders. While the reasonableness or unreasonableness of an accumulation is a most significant factor to be considered, particularly with regard to the Section 533(a) presumption, it is not necessarily determinative of the ultimate question, that is to say, whether the corporation was availed of for the proscribed purpose. In United States v. R. C. Tway Coal Sales Co., 75 F.2d 336, at p. 337 (6 Cir. 1935), this court said:

"It is the accumulation of surplus plus its interdicted purpose that brings the statute into operation, and its size in relation to business needs is but a circumstance out of which a presumption of improper purpose arises, though such purpose may be shown by pertinent evidence with or without the presumption as an aid. This view is undoubtedly that of the Court of Appeals of the Second Circuit in United Business Corp. v. Commissioner [of Internal Revenue], 62 F.2d 754, 755, and may be accepted as sound. The practical application of the interpretation may, however, in most circumstances be of little importance. The condemned purpose in the forming or utilization of corporations described in the section is the avoidance by stockholders of surtaxes. This purpose may be proved unaided by presumption, but the fact that the surplus is not unreasonably large in respect to the needs of the corporation's business is repugnant to the existence of such purpose, and, while not conclusive, must be accepted as substantial evidence in denial of proofs or inferences that it exists."

Thus, if the proscribed purpose is present, the accumulated earnings tax may be imposed even though the accumulation is reasonable. United States v. R. C. Tway Coal Sales Co., supra; Whitney Chain & Mfg. Co. v. Commissioner of Internal Revenue, 149 F.2d 936 (CA 2 1945); Pelton Steel Casting Co. v. Commissioner of Internal Revenue, 251 F.2d 278 (CA 7 1958). On the other hand, if the proscribed purpose is not present, the accumulated earnings tax may not be imposed notwithstanding an unreasonable accumulation. Duke Laboratories, Inc. v. United States, 337 F.2d 280 (CA 2 1964).

In urging that the District Court's charge was erroneous and misleading, the Government has alluded to certain portions thereof wherein the court discussed the factors which the jury could take into consideration in determining whether earnings and profits were accumulated to meet the "reasonable needs of the business." However, since the jury concluded that the earnings and profits were not accumulated to meet the reasonable needs of the business, any error in this regard would not constitute prejudicial error.

The Government also urges that the charge was erroneous and misleading in that it could have led the jury to conclude that if the accumulations were reasonable

there could be no purpose to avoid the tax or, conversely, that if the accumulations were unreasonable the tax should be imposed. For example, the court charged the jury as follows:

"As stated, Ladies and Gentlemen, the issues in this case arise under the Statutes that Congress has enacted which provide in substance that a corporation must pay a tax called accumulated earnings tax, if it does not distribute to its stockholders all accumulated earnings in excess of what is reasonably needed by the business or in excess of the reasonably anticipated needs of the business." (TR 522)

\* \* \* \* \* \*

"If, Ladies and Gentlemen of the jury, after a careful consideration of the evidence in the case and the instruction here given you by the Court, you find that the plaintiff taxpayer has shown by the proper quantum of proof, that is, by the greater weight or preponderance of the evidence, that the earnings here in question for the two years under consideration, were accumulated for the purpose of meeting the reasonable business needs or reasonably anticipated business needs of the plaintiff, The Donruss Company, herein, *rather than* for the purpose of avoiding taxes with respect to its sole shareholder, Mr. Weiner, you will find for the plaintiff, for each year, and report to the Court accordingly." (Emphasis supplied) (TR 535)

When the above-quoted portions of the District Court's charge are read out of context they seem to indicate that the ultimate question the jury was called upon to resolve was whether the accumulations were reasonable or unreasonable. While that would not correctly represent the applicable law, it should be noted that the Government did not object to the charge in that regard, although numerous exceptions were specifically and articulately entered. It is also notable that in various other portions of the charge the District Judge correctly stated the applicable law. For example, the court instructed the jury:

"If you find any of the earnings and profits of the plaintiff for a given year in question were allowed to accumulate beyond the reasonable needs of the business, for that particular year, this shall be determinative of the purpose to avoid the income tax with respect to its sole shareholder, for that year unless, of course, as the Court has said, that the taxpayer proves the contrary by a preponderance of the evidence." (TR 511)

\* \* \* \* \* \*

"The issues in this case and the respective contentions of the parties are evidence enough, the Court feels sure. If you find that the plaintiff corporation did accumulate earnings beyond a reasonable present or current needs of its business, or its reasonably anticipated business needs, for the fiscal years ending January 31, 1960 and 1961, and you further find that the purpose of such accumulation was to avoid payment of taxes by the sole shareholder of the plaintiff corporation, Mr. Weiner, then your verdict for each year herein should be for the defendant, The United States of America." (TR 533)

■ Under Rule 51 of the Federal Rules of Civil Procedure a party who fails to raise a particular objection is deemed to have waived the same. Transamerican Freight Lines, Inc. et al. v. Universal Die Casting Co., 192 F.2d 931 (CA 6 1951); Sucher Packing Co. v. Manufacturers Casualty Insurance Company, 245 F.2d 513 (CA 6 1957); Mc-Pherson v. Hoffman, 275 F.2d 466 (CA 6 1960); Solomon v. United States, 276 F.2d 669 (CA 6 1960); Waxler v. Waxler Towing Co., 342 F.2d 746 (CA 6 1955). Viewing the District Judge's charge as a whole we are unable to say that the portions quoted above so misled the jury that an abrogation of this principle is warranted. Certainly the fact that able counsel for the Government chose not to object to the same strongly indicates that the charge as a whole did not, as the Government now urges, mis-

lead the jury with regard to a most fundamental question.

Throughout his charge the District Judge instructed the jury that they were required to determine whether Donruss was availed of for "the" purpose of avoiding income tax with respect to its shareholder. At no point during his charge did the District Judge explain to the jury the significance or meaning of the word "the" as used in the phrase "availed of for the purpose of avoiding income tax." At the conclusion of the charge the Government objected to the same on the ground that the court's failure to so explain the significance or meaning of the word "the" could have led the jury to conclude that avoidance of tax must be the sole purpose behind an accumulation. The Government also objected to the court's failure to give the following Special Request for Instruction:

"The Court instructs you it is not necessary that avoidance of shareholder's tax be the sole purpose for the unreasonabie accumulation of earnings; it is sufficient if it is one of the purposes for the company's accumulation policy."

In the face of the Government's objections the District Judge refused to give any clarification as to the meaning of the phrase "the purpose."

■ In our view, Sections 531–535 cannot reasonably be construed to require that the purpose to avoid income tax be the sole purpose behind an accumulation before the additional tax may be imposed. Rather, the critical question appears to be whether these sections require that tax avoidance be the dominant, controlling, or impelling purpose behind an accumulation rather than simply "a" purpose. In this regard the authorities differ. In Trico Products Co. v. Commissioner of Internal Revenue, 137 F.2d 424, at p. 426 (CA 2 1943) the court stated:

"Nor can we subscribe to the view that the prevention of the imposition of surtaxes must have been shown to have been the dominant factor behind the accumulations."

A similar conclusion was reached in Barrow Mfg. Co. v. Commissioner of Internal Revenue, 294 F.2d 79, 82 (CA 5 1961):

"The Tax Court found, in the language of the statute, that petitioner was availed of 'for the purpose of preventing the imposition of the surtax üpon its shareholders.' There was no error in failing to go further and find that that was the primary or dominant purpose of the accumulation. See Young Motor Co. v. Commissioner [of Internal Revenue] 1960, 1 Cir., 281 F. 2d 488, 491. Compare Kerr-Cochran, Inc. v. Commissioner [of Internal Revenue] 8 Cir. 1958, 253 F.2d 121, 123. Judge Learned Hand has called attention that this statute 'stands on the footing of the participants' state of mind,' viz., 'the *purpose* of preventing the imposition of the surtax upon its stockholders,' and that it 'may need the support of presumption, indeed be practically unenforceable without it. * * *' United Business Corporation v. Commissioner [of Internal Revenue] 2 Cir., 1933, 62 F.2d 754, 755. The utility of the badly needed presumption arising from the accumulation of earnings or profits beyond the reasonable needs of the business is well nigh destroyed if that presumption in turn is saddled with requirement of proof of 'the primary or dominant purpose' of the accumulation." [1]

The First Circuit reached an opposite conclusion in Young Motor Co. v. Commissioner of Internal Revenue, 281 F.2d 488, 491 (CA 1 1960):

"The Tax Court may have been led into this error by a misconception of the precise issue. In its opinion it referred to preventing the imposition of the surtax upon stockholders as 'one' of taxpayer's purposes, and stated, 'If this purpose exists it may be accom-

1. See also, Mertens, Section 39.26 and cases cited therein.

panied by other legitimate business objectives and still the statute will apply.' The court discussed at some length that taxpayer, being controlled by Young, must be taken to have known that declaring dividends would increase Young's surtaxes—a proposition scarcely requiring argument. If knowledge of such a result is to be the test of purpose, then the only corporations that could safely accumulate income would be those having stockholders with substantial net losses. The statute does not say 'a' purpose, but 'the' purpose. The issue is not what are the necessary, and to that extent contemplated consequences of the accumulation, but what was the primary or dominant purpose which led to the decision. Cf. Commissioner of Internal Revenue v. Duberstein, 1960, 363 U.S. 278, 80 S.Ct. 1190, 4 L.Ed.2d 1218. The Tax Court's test was altogether too favorable to the Government."

Authorities holding that the purpose to avoid income tax need not be the dominant, controlling, or impelling motive behind an accumulation seem to originate from an observation made by the Supreme Court in Helvering v. Chicago Stock Yards Co., 318 U.S. 693, 63 S.Ct. 843, 87 L.Ed. 1086 (1943). In that case, which involved the accumulated earnings tax provisions, the Court sustained a Board of Tax Appeals' finding that the Chicago Stock Yards Company had been availed of for the purpose of avoiding income tax with respect to its shareholder. The Court said in part:

"A corporate practice adopted for mere convenience or other reasons, and without tax significance when adopted, may have been continued with the additional motive of avoiding surtax on the stockholders. The Board's conclusion may justifiably have been reached in the view that, whatever the motive when the practice of accumulation was adopted, the purpose of avoiding surtax induced, *or aided in inducing*, the continuance of the practice." (318 U.S. 693, 699, 63 S.Ct. 843, 846) (Emphasis supplied)

The Court's language clearly implies that the purpose to avoid income tax need not be the sole purpose behind an accumulation in order for the additional tax to be imposed. However, it would greatly strain the Court's remarks to conclude that on so employing the parenthetical phrase "or aided in inducing," it was considering the important question here posed, that is to say, whether the purpose to avoid income tax need be the dominant, controlling, or impelling purpose.

There are a number of instances where motivation is the relevant consideration in determining the tax consequences of an individual's conduct. For example, 26 U.S.C.A., Section 2035(a) provides for the inclusion of property in the gross estate of a decedent "to the extent of any interest therein of which the decedent has at any time made a transfer (except in case of a bona fide sale for an adequate and full consideration in money or money's worth), by trust or otherwise, in contemplation of his death." Section 2035(a) does not by its terms require the inclusion within the gross estate of property transferred "solely" or "predominately" in contemplation of death. Nonetheless, it has been held consistently that the death motive must be the dominant, controlling, or impelling motive behind the transfer in order for it to be deemed a transfer in contemplation of death. United States v. Wells, 283 U.S. 102, 51 S.Ct. 446, 75 L.Ed. 867 (1931); City Bank Farmers' Trust Co. v. McGowan, 323 U.S. 594, 65 S.Ct. 496, 89 L.Ed. 483 (1944); Allen v. Trust Company of Georgia et al., 326 U.S. 630, 66 S.Ct. 389, 90 L.Ed. 367 (1946). Further, in determining whether the transfer of property by an individual is a gift within the meaning of 26 U.S.C.A., Section 102(a) "the proper criterion * * * is one that inquires what the basic reason for his conduct was in fact—the dominant reason that explains his action in making the transfer." Commissioner of Internal Revenue v. Duberstein, 363 U.S. 278, 286, 80 S.Ct. 1190, 4 L.Ed.2d 1218 (1960).

In our view there is no sound reason why the "dominant, controlling, or im-

pelling" motive test employed in connection with the gift in contemplation of death provision should not be applied to the accumulated earnings tax provision. Both provisions have as their underlying purpose the prevention of tax avoidance which is made possible by the structure of the income tax laws. Neither provision explicitly sets out the extent to which the proscribed purpose must play a part in the transaction or conduct in order for the tax consequences to attach. To hold that the dominant, controlling, or impelling motive criterion is inapplicable in the case of the accumulated earnings tax provision would require that we make a distinction where no material difference exists. Accordingly, we conclude that tax avoidance must be the dominant, controlling, or impelling motive behind an accumulation in order to impose the accumulated earnings tax.

Throughout his charge the District Judge spoke in terms of the taxpayer being "availed of for the purpose of avoiding the income tax with respect to its shareholder." As witnessed by our previous discussion, this language is subject to a number of interpretations. At the conclusion of the charge, counsel for the Government called the court's attention to this fact and, in substance, asked that the jury be given the benefit of an interpretation of the language. The District Judge failed to give such an interpretation

Considering the District Judge's charge as a whole, we are of the opinion that the jury might well have been led to believe that tax avoidance must be the sole purpose behind an accumulation in order to impose the accumulated earnings tax. While it was entirely proper for the District Judge to use the exact language of the statute in the course of his charge, it was prejudicial error not to clarify the crucial statutory language which was clearly subject to more than

one interpretation, particularly when the problem had been called to his attention. Accordingly, the judgment of the District Court is reversed and the case remanded for a new trial.[2]

2. Having reached this conclusion, it is unnecessary to consider or pass upon the arguments made by the Government in connection with the District Court's de-

nial of a request for a continuance and also its efforts to impeach the jury's verdict.