The **DONRUSS COMPANY**
v.
**UNITED STATES of America,**
**John H. Daly, a Witness,**
**Appellant.**
No. 15244.

United States Court of Appeals
Third Circuit.

Argued Sept. 16, 1965.

Reargued Nov. 15, 1966.

Decided Nov. 15, 1967.

Marvin Comisky, Blank, Rudenko, Klaus & Rome, Philadelphia, Pa. (Goncer M. Krestal, Philadelphia, Pa., on the brief), for appellant John H. Daly.

Karl Schmeidler, Dept. of Justice, Tax Division, Washintgon, D. C. (Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, I. Henry Kutz, Robert A. Bernstein, Attys. Dept. of Justice, Washington, D. C., Drew J. T. O'Keefe, U. S.

**432**

Atty., James C. Lightfoot, Asst. U. S. Atty., on the brief), for appellee.

Before McLAUGHLIN, KALODNER and HASTIE, Circuit Judges.

### OPINION OF THE COURT

PER CURIAM.

In a tax refund suit by The Donruss Company in the Western District of Tennessee, a critical question was whether Donruss had unreasonably accumulated its earnings during 1959 and 1960. To obtain evidence for use in that litigation, the United States sought in the Eastern District of Pennsylvania to compel the present appellant, John H. Daly, to disclose by deposition certain information about the business of Philadelphia Chewing Gum Corporation, of which Daly was treasurer. After a hearing at which it appeared that Donruss and Philadelphia Chewing Gum Corporation were comparable enterprises competing in the same field and that information about the Philadelphia business might be relevant in the Donruss litigation, the court ordered Daily to submit to deposition and to answer a number of specific questions that were calculated to disclose the total value of Philadelphia's assets and liabilities as of December 31, 1959 and December 31, 1960, the dollar value assigned to outstanding stock and to surplus at the end of those years, and the amounts of the corporation's gross sales, total cost of goods sold, gross profit, operating expenses and net profit for 1959 and 1960. From this order Daly has appealed.

In the meantime, the case in the Western District of Tennessee has been tried, and Donruss prevailed. However, the United States appealed from that decision and on September 27, 1967, the Court of Appeals for the Sixth Circuit ordered a new trial. Donruss Co. v. United States, 6th Cir., 384 F.2d 292. Thus, the prospect, created by the trial victory of Donruss in Tennessee, that the present controversy would be moot has not been realized. The information that Daly has been ordered to disclose about the business of a company comparable to Donruss

may be relevant and material upon a new trial of the issue whether Donruss permitted its earnings and profits to accumulate beyond the reasonably anticipated needs of its business.

The only justification offered for withholding the information is alleged prejudice to Philadelphia in disclosing details of its finances and business practices which it regards as in the nature of "trade secrets". But even if that contention concerning statistics of its 1959 and 1960 business would have been valid for a short period after 1960, we think the likelihood of prejudice from a 1967 or 1968 disclosure of 1959 and 1960 data is so slight and remote that Philadelphia's asserted interest in keeping secret 8 or 9 year old statistics must yield to the present need for that information to facilitate the fair resolution of a current controversy in a pending trial.

The order requiring the appellant to answer specified questions on oral deposition will be affirmed.