The SHAW–WALKER COMPANY, a Corporation, Appellant-Petitioner,

v.

COMMISSIONER OF INTERNAL REVENUE, Appellee-Respondent.

No. 17268.

United States Court of Appeals Sixth Circuit.

July 10, 1969.

John P. Carroll, Jr., New York City, Davis, Polk, Wardwell, Sunderland & Kiendl, New York City, on brief; Cyrus J. Halpern, Colin E. Harley, J. Anthony Kline, New York City, Edward C. McCobb, Grand Rapids, Mich., of counsel, for petitioner.

Stuart A. Smith, Department of Justice, Washington, D. C., Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, David O. Walter, Albert J. Beveridge, III, Attys., Department of Justice, Washington, D. C., on brief, for respondent.

Before O'SULLIVAN, PHILLIPS and EDWARDS, Circuit Judges.

ORDER.

In an opinion reported at 390 F.2d 205, this Court vacated the decision of the Tax Court and remanded the case to the Tax Court for further proceedings. The Supreme Court granted certiorari and remanded the case to this Court, 393 U.S. 478, 89 S.Ct. 707, 21 L.Ed.2d 687, for further consideration in the light of its opinion in United States v. Donruss Co., 393 U.S. 297, 89 S.Ct. 501, 21 L.Ed.2d 495.

The case was reheard June 3, 1969, on oral arguments and supplemental briefs, upon consideration of which it is ordered:

(1) That the decision of the Tax Court be vacated and the case be remanded to the Tax Court for further proceedings in accordance with this order. All parts of the previous opinion of this Court expressing agreement with the decision of the Tax Court are reaffirmed.

(2) On remand the Tax Court will:

(a) Make a more detailed analysis of the working capital requirements of the taxpayer, reasonably required by the taxpayer's business cycle, in accordance with the instructions contained in Part (1) under the subheading "Burden of Proof" and Part (2) under the subheading "Determination of Working Capital" of the previous opinion of this Court, 390 F.2d 210–214.

(b) From (a) and other findings determine whether the earnings and profits of the taxpayer were permitted to accumulate beyond the reasonable needs of the business in the tax years in question.

(c) Determine whether the taxpayer corporation was availed of for the purpose of avoiding the income tax, applying the standard enunciated in United States v. Donruss Co., 393 U.S. 297, 89 S.Ct. 501, 21 L.Ed.2d 495.

(d) Determine the amount of 26 U.S.C. § 535(c) credits to which the taxpayer is entitled, if any, for each tax year in question, in event the taxpayer is held to be subject to the accumulated earnings tax.

(e) Determine the amount of accumulated earnings tax, if any, owed by the taxpayer for the tax years in question.

It is further ordered that Part (3) under the subheading "Intent" and Part (4) under the subheading "Accumulated earnings credit" of the original opinion of this Court, 390 F.2d 214–217, be withdrawn.

It is further ordered that, upon remand, the Tax Court may consider evidence previously taken and now on file and such additional evidence on any issue not disposed of in the previous opinion of this Court and in this order as may be admissible. Any party shall be accorded the right to require the presence of any previously sworn witness for additional testimony either on direct or cross-examination.