## NOVELART MANUFACTURING COMPANY, Petitioner-Appellant,

v.

## COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

### No. 20251.

United States Court of Appeals,
Sixth Circuit.

Nov. 27, 1970.

Sol Goodman, Cincinnati, Ohio, for petitioner-appellant; Goodman & Goodman, Cincinnati, Ohio, on brief.

William S. Estabrook, Tax Division, Dept. of Justice, Washington, D. C., for respondent-appellee; Johnnie M. Walters, Asst. Atty. Gen., Lee A. Jackson, William Massar, Stanley L. Ruby, Attys., Dept. of Justice, Washington, D. C., on brief.

Before PHILLIPS, Chief Judge, and WEICK and EDWARDS, Circuit Judges.

PHILLIPS, Chief Judge.

The taxpayer appeals from the decision of the Tax Court finding deficiencies for the fiscal years ending June 30,

1961, 1962 and 1963, respectively, in accumulated earnings tax imposed by § 531, Internal Revenue Code of 1954, 26 U.S.C. § 531.[1]

The Tax Court agreed with the Commissioner in holding that the taxpayer was availed of for the purpose of avoiding income taxes on Klein, the sole stockholder of taxpayer, by unreasonably accumulating earnings and profits. The ultimate finding of fact of the Tax Court was that during each of the taxable years in question the taxpayer permitted its earnings and profits to accumulate beyond the reasonable needs of its business.

The findings of fact and decision of the Tax Court are reported at 52 T.C. 794, to which reference may be had for a complete recitation of pertinent facts. We affirm.

The accumulated earnings tax is discussed in some detail in United States v. Donruss Co., 393 U.S. 297, 89 S.Ct. 501, 21 L.Ed.2d 495, reversing 384 F.2d 292 (6th Cir.), and in Shaw Walker Co. v. Commissioner, 390 F.2d 205 (6th Cir.).[2]

■ The accumulated earnings tax is imposed on corporations which accumulate their earnings and profits beyond the reasonable needs of their business for the purpose of avoiding the income tax with respect to their shareholders. Where an accumulation beyond its reasonable business needs has been permitted, the taxpayer has the burden of proving, by the preponderance of the evidence, that avoidance of income tax on its shareholders was not one of the purposes of the accumulation. United States v. Donruss Co., *supra.*

■ Applying the guidelines set forth in *Donruss,* we find no error in the decision of the Tax Court in the present case. We hold that the findings of fact of the Tax Court are not clearly erroneous, Rule 52(a), Fed.R.Civ.P., but to the contrary are supported by substantial evidence.

We affirm for the reasons set forth in the opinion of the Tax Court.

Only two questions require further discussion. The taxpayer contends that: (1) it is entitled to a deduction, in determining its accumulated earnings tax, for premiums paid on life insurance on the lives of its key men; (2) that the tax as imposed violates the Sixteenth Amendment.

■ The short answer to the contention that a deduction should be allowed for life insurance premiums is that 26 U.S.C. § 535(b) provides for specific adjustments in computing the accumulated taxable income. That section does not authorize an adjustment in the form of a deduction for life insurance premiums. The taxpayer argues that the amounts paid out for life insurance premiums no longer were available for distribution and should not be included in the measure of the tax because the tax is imposed on what is accumulated rather than on what is distributed. This generalization is not consistent with the rules established by the Internal Revenue Code for calculating the accumulated earnings tax. Since the Code does not allow the deduction urged by taxpayer, if his contention has any merit, it is for consideration of the Congress rather than for the courts.

■ The taxpayer also asserts that it has accumulated earnings over a period

---

1. § 531. Imposition of accumulated earnings tax

    In addition to other taxes imposed by this chapter, there is hereby imposed for each taxable year on the accumulated taxable income (as defined in section 535) of every corporation described in section 532, an accumulated earnings tax equal to the sum of—

    (1) 27½ percent of the accumulated taxable income not in excess of $100,-000, plus

    (2) 38½ percent of the accumulated taxable income in excess of $100,000.

2. In *Shaw Walker* the Supreme Court granted certiorari and remanded the case to this Court for further consideration in the light of *Donruss,* 393 U.S. 478, 89 S.Ct. 707, 21 L.Ed.2d 687. This Court thereupon remanded the case to the Tax Court. 412 F.2d 858.

of sixty years and as a result thereof, the tax imposed in the present case is on capital and not upon income and hence, results in a violation of the Sixteenth Amendment. We find this contention. to be without merit. Helvering v. Northwest Steel Rolling Mills,.311 U.S. 46, 53, 61 S.Ct. 109, 85 L.Ed. 29.

Affirmed.